STATE OF MINNESOTA *ex rel.* Andrew Simpson *vs.* JOHN DOWLAN.

July 8, 1885.

Quo Warranto—St. Paul—Election of Aldermen—Power of Council.

*Quo warranto.* Application by relator for leave to file an information in the nature of a *quo warranto,* upon a complaint and affidavit alleging that at a municipal election in the city of St. Paul, held May 5, 1885, for the office of alderman of the second district of the first ward of that city, the relator received the greatest number of legal votes for such office; that the judges of election for such district duly canvassed the votes and returned that relator received 526 legal votes, being the greatest number of votes cast for any candidate for such office at said election, and that respondent, on June 16, 1885, usurped such office, and withholds the same from relator.

*Frederick Allis,* for relator.

*John W. Willis,* for respondent.

GILFILLAN, C. J.[1] Application by relator, the attorney general consenting, but not participating, for leave to file an information in the nature of a *quo warranto,* to determine the title to the office of alderman in the city of St. Paul, both relator and respondent claiming to have been elected. The respondent opposes it on two grounds:

*First.* That the charter of the city makes the common council the sole and exclusive judge of the election of its members, and therefore

---

[1] Mitchell, J., was absent and took no part in this case.

the writ cannot issue.   The charter (Laws 1874, *c.* 1, subc. 4, § 2) reads: "The common council shall be the judge of the election and qualification of its own members, and in such case shall have power to send for persons and papers." We are unable to agree whether this makes the council sole judge, so as to exclude the power of the courts; the four judges of this court who heard the matter being equally divided on the question.

*Second.* That Gen. St. 1878, *c.* 1, provides a mode for determining who is elected to any city office, when the election of any one is disputed.

We are agreed that section 76 of that chapter makes the provisions of section 52 applicable to elections for city officers, and that those provisions apply to the office of alderman, if it be not true that the council is the sole judge of the election of its members.   We are also agreed that the granting of leave to file an information (especially upon the application of a private person) is within the discretion of the court, and that leave ought not to be granted where the law furnishes another remedy, unless under special and exceptional circumstances, and none such exist in this case.   So that we all agree, though for different reasons, that the leave ought not to be granted.

Application denied.