# BRIDGEWATER IRON COMPANY *v.* LISSBERGER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MASSACHUSETTS.

Argued December 3, 4, 1885.—Decided December 14, 1885.

A transfer for valuable consideration of shares in a Massachusetts manufacturing corporation, not recorded as required by the statute of Massachusetts of 1870, ch. 224, § 26, is valid against a subsequent attachment by a creditor having knowledge or notice of the transfer.

This was an action of tort, brought by a citizen of New York against a manufacturing corporation established under the laws of Massachusetts, for refusing to issue to him a certificate of twenty shares of its capital stock.

At the trial, the plaintiff introduced evidence tending to show that the defendant corporation in 1874 accepted a new charter from the Legislature of Massachusetts, (Mass. Stat. 1874, ch. 26), which made it subject to the provisions of the general act of 1870, ch. 224; that on August 10, 1877, George B. Stetson, being the owner of these shares, executed to the plaintiff a transfer of them, absolute in form, but intended as collateral security for a debt due from him to the plaintiff, and annexed the transfer to his certificate, and delivered both to the plaintiff; and that on December 15, 1878, the plaintiff tendered them to the defendant corporation, and duly demanded that the transfer be recorded on its books and a new certificate issued to him.

The defendant corporation introduced competent and uncontroverted evidence that on May 24, 1878, it brought an action against George B. Stetson on a debt due to it from him, and duly attached these shares on mesne process, and afterwards obtained judgment and execution, under which the shares were levied on and sold to the defendant in November, 1878.

To meet this, the plaintiff offered evidence tending to show that, before the attachment, an agent of the plaintiff informed a director of the defendant corporation of the transfer to the plaintiff, and that the plaintiff wanted the corporation to know

it ; and the director mentioned it to Nahum Stetson, the defendant's treasurer, clerk, and business agent.

The defendant took no objection to the admission or sufficiency of this evidence, otherwise than by requesting the court to instruct the jury that " if said evidence was competent to prove a notice to said Nahum, or to put him on the inquiry whether said shares had been transferred to the plaintiff, yet no such notice was effectual to deprive the defendant of the right as creditor to attach said shares as the property of said George B. Stetson, under the statutes of the State of Massachusetts." '

The court declined so to rule ; and instructed the jury " that if they, upon the evidence, believed that said Nahum, being the treasurer, clerk and business agent of the company, knew or had notice that said George B. Stetson had conveyed said shares to the plaintiff, prior to said attachment, the plaintiff was entitled to recover."

To this instruction the defendant excepted, and, after verdict and judgment for the plaintiff, tendered a bill of exceptions, which was allowed.

*Mr. Charles A. Welch* for plaintiff in error.

*Mr. Darwin E. Ware* for defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court. After stating the facts in the language reported above, he continued :

The principal question argued by counsel, and the only one presented by the bill of exceptions for decision, is whether a transfer for valuable consideration of shares in a Massachusetts manufacturing corporation, not recorded as required by the statute of Massachusetts of 1870, ch. 224, § 26, is valid against a subsequent attachment by a creditor having knowledge or notice of the transfer.

That statute provides that " shares may be transferred by the proprietor, by an instrument in writing under his hand, which shall be recorded by the clerk of the corporation in a book to be kept for that purpose ; " and " the purchaser named

in such instrument so recorded shall, on producing the same to the treasurer, and delivering to him the former certificate, be entitled to a new certificate." These provisions were re-ënacted in the Public Statutes of Massachusetts of 1882, ch. 106, § 30, and similar provisions had existed since 1809. Mass. Stats. 1808, ch. 65, § 4; 1829, ch. 53, § 4; Rev. Stats. 1836, ch. 38, § 12; Stat. 1846, ch. 45, § 1; Gen. Stats. 1860, ch. 60, § 13.

By a series of decisions of the Supreme Judicial Court of Massachusetts, on which the plaintiff in error relies, it has been held that these provisions, taken in connection with the contemporaneous statutes of that State, authorizing and facilitating the attachment of such shares by creditors of the owner, are not to be construed as intended merely for the convenience and benefit of the corporation, and the regulation of its relations to its stockholders; but are to be considered as in the nature of a registry act, regulating the transfer of the stock as to third persons, and therefore preventing an unrecorded transfer from taking effect against a creditor afterwards attaching the shares without notice of the transfer. *Fisher* v. *Essex Bank*, 5 Gray, 373; *Blanchard* v. *Dedham Gaslight Co.*, 12 Gray, 213; *Sibley* v. *Quinsigamond Bank*, 133 Mass. 515, 521; *Central National Bank* v. *Williston*, 138 Mass. 244.

But the learned counsel for the plaintiff in error fails to show that an unrecorded transfer of shares has ever been held invalid as against a subsequent attachment by a creditor who has notice or knowledge of the transfer. The language and the reasoning of the opinions in the very cases that he cites clearly imply the contrary. And under the early Massachusetts registry act of 1783, ch. 37, § 4, which provided that no unrecorded deed of lands should " be good and effectual in law to hold such lands against any other person or persons but the grantor or grantors and their heirs only," it was always held that, the intent of the statute being to give notice to subsequent purchasers and attaching creditors, a deed was valid, without record, against those who had notice or knowledge of it. *Farnsworth* v. *Childs*, 4 Mass. 637; *Priest* v. *Rice*, 1 Pick. 164.

*Judgment affirmed.*