STATE OF MINNESOTA *ex rel.* George H. Diepenbrock *vs.* PHILANDER GATES.

### July 7, 1886.

**Municipal Corporation—City Council—Contested Elections.**—A provision in a city charter that the city council shall "be the judges of the election and qualification of their own members," without anything else to indicate an intention to exclude the jurisdiction of the courts to try the question of such election, does not exclude it.

**Same—Quo Warranto.**—The provisions of Gen. St. 1878, *c.* 1, prescribing a mode of contesting elections, apply to such case; and, unless under special and exceptional circumstances, the party contesting should proceed in the manner therein prescribed, and not by *quo warranto*.

Application for writ of *quo warranto*.

*J. C. McClure*, for relator.

*W. C. Williston*, for respondent.

GILFILLAN, C. J.    This is an order to show cause why proceedings by *quo warranto* shall not be instituted to determine whether the relator or the respondent was elected to the office of alderman of the city of Red Wing, at the city election, April 26, 1886.   The charter of the city (chapter 4, § 1; Sp. Laws 1876, *c.* 28, § 5, p. 97) provides that the city council shall "be the judges of the election and qualification of their own members."    The charter of the city of St. Paul contains a similar provision, and in the case of *State* v. *Dowlan*, 33 Minn. 536, (24 N. W. Rep. 188,) the judges of this court who heard the case (one of the judges being absent) were unable to agree whether this made the council the sole judge of the election of a member, so as to exclude the jurisdiction of the courts to try and determine the question of his election.    On further considering the point, we are now agreed that such a provision, without the use of the word "sole" or "exclusive," or some similar form of expression, to indicate an intention to shut out the jurisdiction of the courts, does not affect such jurisdiction.

We are also agreed that the provisions of chapter 1, Gen. St. 1878, providing a mode for contesting elections, apply to such a case as this, and that, unless under special and exceptional circumstances,—and none such exist in this case,—the party contesting should proceed in the manner therein prescribed, and not by *quo warranto*.

Order discharged.