ROEMER v. SIMON and others.

(*Circuit Court, S. D. New York.* May 17, 1887.)

1. PATENTS FOR INVENTIONS — LOCKS TO TRAVELING BAGS — DAMAGES FOR INFRINGEMENT.

A decree was made restraining further infringement of a patent for certain locks to traveling bags, and for an account of profits and damages. The plaintiff, in proof of his damages, showed that he personally made and sold the locks separately and with bags, and that his profit upon the locks was 91 cents per dozen, and that the defendants had sold a specific number of them, but did not show their profits. *Held,* that the facts did not furnish a sufficient basis for estimating the damages, and that nominal damages were therefore only recoverable.

2. SAME—PROFITS.

In proving damages for the infringement of a patent, which is merely an incident attached to an article in common use, it must be shown that the profits claimed were due to the patent itself, and could not have been made except in exercise of the patent right; and, in proving such damages, a plaintiff must show that he would have had an opportunity to make and sell the patented article which the defendants made and sold if they had not so made and sold it.

In Equity.

*Arthur v. Briesen,* for plaintiff. *J. E. Hindon Hyde,* for defendants.

WHEELER, J. A decree for an injunction against further infringement of the plaintiff's patent, and for an account of profits and damages, was before entered in this cause. 20 Fed. Rep. 197. It has now been heard on the plaintiff's exceptions to the master's report of nominal damages only. The patent is for a single feature of a lock for traveling bags.

The plaintiff has granted no licenses, but has himself made and sold the locks separately and with bags, intending to supply the wants of the trade for them. He showed to the master that his profit upon these locks was 91 cents per dozen, and that the defendants had made and sold, with bags, 38,265 of them; but made no further showing of their profits. The exceptions raised the question whether these facts furnish a sufficient basis for the estimation of damages beyond merely nominal damages.

Two defects are apparent in the plaintiff's claim in this respect—one is that the case does not show that plaintiff's profits are due to the patented feature of the locks, in whole, or in any definite part; the other is that these facts do not show that the plaintiff would have had an opportunity to make and sell these locks if the defendants had not made and sold them with their bags. The case shows that there are other kinds of locks for such bags, and they are mere incidents to the bags for their more convenient use. However it might be as to articles wholly covered by a patent for which there was no, or no convenient, substitute, it does not follow in a case like this that a purchaser of the principal thing with a patented incident would go until he should find that particular kind of incident before purchasing. The form, material, or workmanship, of the bag itself may have been, and is quite likely to have been, as decisive with the purchaser as, and perhaps more so than, the lock. The plaintiff may have, and probably has, suffered damages from this infringement. He must show more than this, however, in order to recover them. He must, according to the cases, show what they are, or some reliable basis for estimating them. *Garretson* v. *Clark*, 111 U. S. 120, 4 Sup. Ct. Rep. 291; *Black* v. *Thorne*, 111 U. S. 122, 4 Sup. Ct. Rep. 326; *Dobson* v. *Hartford Carpet Co.*, 114 U. S. 439, 5 Sup. Ct. Rep. 945; *Dobson* v. *Dornan*, 116 U. S. 10, 6 Sup. Ct. Rep. 946.

Exceptions overruled, report accepted and confirmed.