STATE *ex rel.* GEORGE R. WHITCOMB *et al. vs.* W. E. LOCKERBY *et al.*   57  411
58  277

Argued June 8, 1894. Application refused June 11, 1894.

No. 8954.

**Quo warranto, when refused in this court.**

The granting of leave to a private person to file an information, in the nature of *quo warranto*, to try the right of persons to hold offices in a private corporation, being discretionary, such leave will be denied, where there are no exceptional circumstances which render inapplicable the remedy provided by 1878 G. S. ch. 79.

Application to this court June 4, 1894, by George R. Whitcomb, Carman N. Smith and eight others, relators, for leave to file an information in the nature of *quo warranto* against W. E. Lockerby and

S. A. Locke for intruding into and usurping the offices of directors, president and vice-president of the Northern Shadecloth Co., a corporation created under 1878 G. S. ch. 34, Title 2.    Their verified petition stated that two of the seven directors of the corporation having sold their stock resigned as such officers and at a subsequent special meeting of the stockholders one faction voted for the election of Lockerby and Locke to the vacancies and the other faction voted for two other persons, that at the election disputes arose over the validity, title and control of certain shares of the stock and that on the decision of these disputes depended the result and the future control of the corporate affairs, that Lockerby and Locke claimed to have been elected directors and that two of the old directors united with them and elected Lockerby president and Locke vice-president of the board.    An order was granted requiring Lockerby and Locke to show cause before this court on June 8, 1894, why Whitcomb and his party should not have leave to file their relation and obtain a writ of *quo warranto* directed to them for intruding into and usurping the offices of directors, president and vice-president of the corporation.    Lockerby and Locke appeared and opposed the application for leave to file the information and moved the court to discharge the order to show cause.

*Carman N. Smith,* for Whitcomb, *et al.*

The motion is properly made without the intervention of the Attorney General.    The proceeding is taken under the provisions of 1878, G. S. ch. 63, § 1, and not under the provisions of ch. 79.    The proceeding is to be governed by the rules of the common law.    *State ex rel.* v. *Sharp,* 27 Minn. 38.    Where the proceeding is one to forfeit and take away the franchise of a corporation or to prevent certain persons from acting as a corporation the Attorney General only can proceed.    *State* v. *Sibley,* 25 Minn. 387.    He may proceed in all other cases as in proceedings to oust one from the office of county treasurer.    *State ex rel.* v. *Sanderson,* 26 Minn. 333.    Or from the office of supervisor of a town.    *State ex rel.* v. *Guiney,* 26 Minn. 313.    Or from the office of director of an independent school district.    *State ex rel.* v. *Sharp,* 27 Minn. 38.    But where the proceeding is one to try the title to an office in a private corporation, the result thereof

affecting only the stockholders of the corporation, though the Attorney General may institute such a proceeding if he chooses, yet any parties showing an interest in the matter may apply to the court without his intervention. *State ex rel.* v. *Hammer,* 42 N. J. Law, 435; *Gunton* v. *Ingle,* 4 Cranch C. C. 438; *State* v. *Brown,* 5 R. I. 1; *Barnum* v. *Gilman,* 27 Minn. 466; *Murphy* v. *Farmers' Bank,* 20 Pa. St. 415; *Commonwealth ex rel.* v. *Swank,* 79 Pa. St. 154; *State ex rel.* v. *St. Paul & S. C. R. Co.,* 35 Minn. 222.

Upon this order to show cause the court will consider whether the applicants have made out a *prima facie* case, and are so interested pecuniarily in the matters involved as to entitle them to become relators. The cause will not at this stage be tried upon its merits. The rights of the parties will not be determined upon *ex parte* affidavits. The court will look into the case only so far as to see that the applicants have rights and interests in the matters here in controversy, which should be submitted to the court for adjudication upon testimony taken upon notice.

*Francis G. Burke,* for Lockerby, *et al.*

This court should not exercise jurisdiction, because it appears that the relators have another remedy, which is prescribed by 1878 G. S. ch. 79, and which is adequate for the relief asked. The granting of leave to file an information in this court is not a matter of strict legal right, but is within the discretion of the court. Leave ought not to be granted where the law furnishes another remedy (especially upon the application of a private person), unless under special and exceptional circumstances. None such exist in this case, and the statutory remedy ought to be pursued in the District Court. *Simpson* v. *Dowlan,* 33 Minn. 536; *State ex rel.* v. *Gates,* 35 Minn. 385; *State ex rel.* v. *Harrison,* 34 Minn. 527; *State ex rel.* v. *Minnesota Thresher Mfg. Co.,* 40 Minn. 213.

Most of the cases brought in the Supreme Court have been cases for forfeiture of franchises, where the public had large interests at stake, and where the Attorney General's duty was to select his forum, and where the court decided that he had a right to determine in which court he would proceed in such public matters. *State ex rel.* v. *St. Paul & S. C. R. Co.,* 35 Minn. 222; *State ex rel.* v. *Min-*

*nesota Thresher Mfg. Co.,* 40 Minn. 213; *State ex rel.* v. *Sharp,* 27 Minn. 38; *State ex rel.* v. *Tracy,* 48 Minn. 497; *State ex rel.* v. *Berry,* 3 Minn. (Gil.) 190.

I am aware that there is one case in which this court took jurisdiction, viz., *State* v. *Chute,* 34 Minn. 135. But no objection was there taken, such as has been taken here, and for that reason the court did not of its own motion raise the question but the respondents are entitled to raise it. *State ex rel.* v. *Tracy,* 48 Minn. 497.

CANTY, J. This is an application for leave to file an information in the nature of *quo warranto,* by some of the alleged stockholders and officers of a private corporation, to try the right of some others to hold certain offices in the corporation. In the case of *State* v. *Dowlan,* 33 Minn. 538, (24 N. W. 188,) it was held by this court: "We are agreed that the granting of leave to file an information, especially upon the application of a private person, is within the discretion of the court, and that leave ought not to be granted where the law furnishes another remedy, unless under special and exceptional circumstances." 1878 G. S. ch. 79, furnishes another remedy, and there are no such special or exceptional circumstances in this case as would take it out of the rule.

Neither do we wish to be understood as holding that there is no other such remedy, except that provided by chapter 79, which must be brought by the attorney general. 1851 R. S. ch. 80, § 1 abolished the writ of *quo warranto,* and provided the remedy now found in said chapter 79. 1866 G. S. ch. 122 repealed the Revision of 1851, but re-enacted all of said chapter 80 thereof, except the first section, which abolished *quo warranto.* Whether this did not revive the common-law writ of *quo warranto,* as a writ to be issued by the District Court, it is not necessary here to decide.

Application denied.

COLLINS, J., absent, took no part.

(Opinion published 59 N. W. 495.)