STATE *ex rel.* GEORGE R. WHITCOMB *vs.* CHARLES E. OTIS District Judge.

| 58 | 275 |
| --- | --- |
| 82 | 68 |
| 82 | 69 |

Argued July 12, 1894. Mandamus granted July 19, 1894.

No. 8954.

**When Quo Warranto will not be issued by this court.**

This court will not issue a writ of *quo warranto* if there is a remedy in the District Court at all adequate, unless under special and exceptional circumstances; as, for instance, that there will be great injury or inconvenience to the public by reason of the delay and uncertainty caused by commencing proceedings in the lower court and awaiting a final determination on appeal to this court.

**State ex rel. v. Lockerby explained.**

Acting on this rule, this court did not consider the merits of the application for such a writ in denying such application in the opinion in *State*

*ex rel.* v. *Lockerby,* 57 Minn. 411, only so far as to determine that under this rule the writ should not be granted.

### District Court may issue the writ of Quo Warranto.

The District Court has jurisdiction to issue the common-law writ of *quo warranto.*

Petition to this court July 3, 1894, by George R. Whitcomb, relator, for a writ of Mandamus to *Charles E. Otis,* Judge of the District Court of Ramsey County, commanding him to entertain the application of the petitioner and others for a writ of *Quo Warranto* and to exercise his discretion on the merits of the application.

On June 14, 1894, George R. Whitcomb, Carman N. Smith and eight others applied in the District Court before *Charles E. Otis* J., for leave to file an information in the nature of *Quo Warranto* against W. E. Lockerby and S. A. Locke for intruding into and usurping the offices of directors, president and vicepresident of the Northern Shade Cloth Co., a corporation created under 1878 G. S. ch. 34, Title 2.   The verified petition to the District Court stated that two of the seven directors of the corporation having sold their stock resigned as such officers and at a subsequent special meeting of the stockholders one faction voted for the election of Lockerby and Locke to the vacancies, and the other faction voted for two other persons, that at the election disputes arose over the validity, title and control of certain shares of the stock, and that on the decision of these disputes depended the result, and the future control of the corporate affairs, that Lockerby and Locke claimed to have been elected directors and that two of the old directors united with them and elected Lockerby president and Locke vicepresident of the board.   An order was granted requiring them to show cause before the District Court on June 16, 1894, why Whitcomb and his party should not have leave to file their relation and obtain from that court a writ directed to Lockerby and Locke to show by what right they intruded into and usurped the offices of directors, president and vicepresident of the corporation.   They appeared and opposed the application and the District Court on June 23, 1894, denied the application because it appeared that a like application on substantially the same grounds in the same matter had been made to this court and denied. *State ex rel.* v. *Lockerby,* 57 Minn. 411.

Thereupon Whitcomb presented to this court July 3, 1894, his petition reciting the facts above mentioned and prayed that a writ of *Mandamus* issue to *Charles E. Otis*, Judge, commanding him to entertain the application of June 14, 1894, and to decide the same on its merits. This court thereupon ordered that *Charles E. Otis*, Judge, appear on July 9, 1894, and show cause if any there be, why such writ of *Mandamus* should not issue. He appeared by counsel and answered setting up the former decision of this court above mentioned and submitted that it would have been an abuse of judicial discretion to have allowed the writ of *Quo Warranto* in view thereof. That if mistaken as to the purport and effect of that decision, he asks to be advised and is ready and willing to hear and determine the application on its merits, if directed so to do.

*Carman N. Smith*, and *James I. Best*, for petitioner.

*Francis G. Burke*, for respondent.

CANTY, J. Whitcomb and others made an application to this court for leave to file an information in the nature of a *quo warranto*. The application was denied. See *State ex rel.* v. *Lockerby*, 57 Minn. 411, (59 N. W. 495.) Application was then made to the District Court of Ramsey County, and denied without passing on the merits of the application, for the reason, as expressed in the order denying the application, that "the Supreme Court has held that this was not a proper case for the issuance of the writ prayed for. Such holding is conclusive on this court, and relief ought to be by this court denied on that ground."

The short, hastily written opinion there reported might bear the construction thus put upon it if taken alone, taken with all the proceedings had in that application, it would not. The discretion of the court there discussed is the discretion of *this* court, and under what circumstances *it* will grant such applications. This court will not grant such an application if there is a remedy in some other court which is at all adequate, unless under special and exceptional circumstances; as, for instance, that there will be great injury or inconvenience to the public by reason of the delay and uncertainty caused by commencing in the lower court and awaiting a final determination on appeal to this court. 1878 G. S. ch. 63, § 1, confers

jurisdiction in these cases on this court, "subject to such regulations and conditions as the court may prescribe." These are the conditions which this court prescribes in the exercise of this jurisdiction. This is a case in which private rights alone are involved, and we exercised our discretion merely to the extent of deciding that it did not belong to the class of cases of which this court should entertain jurisdiction. Beyond that we did not pass on the merits of the application at all. If we had determined on that application that the writ ought not to be issued in that case by any court, how was it pertinent to suggest, as was suggested in that opinion, that jurisdiction to issue writs of *quo warranto* may exist in the District Court. This point was not there decided, because it was not raised or argued by counsel.

It has been raised and argued by counsel on this application, and we are of the opinion that it does exist; that 1866 G. S. ch. 122, repealed 1851 R. S. ch. 80, § 1, which abolished this writ; and that such repeal revived the writ as a common-law remedy, to be exercised by the District Court. It is true that 1866 G. S. ch. 121, § 3, provides that "the repeal of acts and resolves and parts of acts and resolves revised and reënacted herein, or repugnant to the provisions hereof, shall not revive any law heretofore repealed or superseded." We are of the opinion that the law which this section provides shall not be revived by the repeal of any repealing clause is statute law, not common law, and that it does not apply so as to prevent the writ of *quo warranto* from being revived by the repeal of the section abolishing it.

It was the duty of the judge of the District Court to consider the application for the writ of *quo warranto* on its merits, and exercise his discretion in determining whether or not such writ should issue, and it is ordered that a writ of *mandamus* issue commanding him to do so.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 1015.)