HENRY TRUELSON v. CITY OF DULUTH and Others.[1]

January 21, 1895.

No. 9276.

**Municipal Election—Contest—Service of Notice.**

The result of any general or special city election can be contested under the provisions of Laws 1893, c. 4 (G. S. 1894, §§ 6–205), and, when the subject of the election is within the terms of section 190 (G. S. 1894, § 195), the notice of contest may be served upon a member of the city council.

Appeal by Henry Truelson from an order of the district court for St. Louis county, Lewis, J., dismissing his application for appointment of inspectors to examine the ballots cast at a special election held in the city of Duluth October 26, 1894. Reversed.

*S. T. & Wm. Harrison,* for appellant.

*Page Morris,* for respondents.

COLLINS, J. The question here is whether the result of a special election held in the city of Duluth, at which it was voted to issue bonds in accordance with the terms of Sp. Laws 1891, c. 55, § 35, can be inquired into and contested under the provisions of Laws 1893, c. 4 (G. S. 1894, §§ 6–205). The notice of contest was served on the mayor and a member of the city council, and at the hearing of an order requiring the city to appear and take part in the selection of three persons to inspect and examine the ballots the district court dismissed the proceeding for want of jurisdiction, the precise point being that the statute of 1893 contains no provision for the contest-

[1] Reported in 61 N. W. 911.

ing of an election such as the one involved. Briefly stated, the argument in support of the order of dismissal is that, as a city is not mentioned in section 190 or 191 (G. S. 1894, §§ 195, 196), and it is under section 190, if at all, that the right of contest is given, and as there is no provision for the service of a notice in case of a contest over an election of the nature of the one now in question, the district court had no power to entertain the proceeding. That the provisions of the act were intended to apply to and include city elections is made evident in section 198 (G. S. 1894, § 203), in which it is provided that in city elections the act is to be construed in connection with laws authorizing such elections; and this intent is conclusively indicated by the language of section 199 (G. S. 1894, § 204), wherein it is declared that the act shall apply to all general and special elections in the state, except township and village elections. This exception is particularly noticeable, and tends to emphasize the assertion that city elections are clearly within the terms of chapter 4. That no stress should be laid upon the fact that cities are not specially mentioned in either section 190 or 191 (G. S. 1894, §§ 195, 196) will be apparent from a construction placed upon a section of the old election law in State v. Dowlan, 33 Minn. 536, 24 N. W. 188. See, also, State v. Gates, 35 Minn. 385, 28 N. W. 927. So we are brought to inquire whether an omission to point out and specify the officer or officers of the city upon whom the notice shall be served prevents the contesting of an election held for the purposes of the one in controversy. In view of the evident design of the act to bring within its operation all city elections, we feel inclined to make every one of its provisions effective, if it can reasonably be done. The city council is the official body authorized to submit the proposition to issue bonds to the electors, and it is also the body authorized to canvass the returns, and to declare the result. It is the official body which stands for and represents the city in this matter fully as much as, and perhaps more than, does the board of county commissioners stand for and represent the county in matters pertaining to any election held in the county. If notice may be served upon any officer or officers in case of a contest over the result of a city election, it certainly should be upon the council or a member thereof. As it is unquestionable that the act was designed to apply to city elections, and as we have authority for saying that such an election may be contested although cities are

not specifically mentioned in the sections which regulate the procedure, we are not intruding upon the legislative functions by holding that service of the notice of contest may be made upon the official body, or upon a member thereof, which corresponds with the board of county commissioners. We so hold.

The order is reversed, and upon the remanding of the cause to the court below it will proceed with the contest.