THE FIRST NATIONAL BANK OF ATCHISON v. G. W. WATTLES AND THE ATCHISON LOAN AND BUILDING ASSOCIATION.

**No. 414.**

1. PLEADING AND PRACTICE—*Nature of Relief.* In this state a plaintiff should recover the relief to which the facts, pleaded and proved, entitle him, regardless of the form or prayer of the petition.

2. ASSIGNMENT—*Certificate of Deposit.* An assignment of a certificate of deposit transfers to the assignee whatever right or equity the assignor may have had in the fund thus represented, although such assignor may not have had the full title to said certificate or the immediate right to the possession thereof.

3. CORPORATIONS—*Liability of Stockholder.* Where the only evidence that a person had ever been a stockholder in a corporation was the testimony of parties who testified that she had long since sold and transferred her stock, it was not error for the court to find that she had ceased to be a stockholder therein.

Error from Atchison district court; W. D. WEBB, judge. Opinion filed November 12, 1898. Affirmed.

*B. F. Hudson, C. D. Walker*, and *J. L. Berry*, for plaintiff in error.

*Waggener, Horton & Orr*, for defendant in error G. W. Wattles.

The opinion of the court was delivered by

WELLS, J.: The main facts in this case are about as follows: On June 7, 1887, G. C. Wattles and Nettie H. Wattles were husband and wife. The wife, owning some unimproved town lots in Atchison, desired to build a residence on said lots. The husband subscribed for ten shares, of $500 each, of stock in the Atchison Loan and Building Association, and procured a loan of said association under the provisions of its by-laws, and in connection with his wife executed to

it their notes and a mortgage on the lots referred to, in the sum of $5000, to secure the same, and the husband also transferred to the association the stock held by him.   The money realized from this loan was used to build a house on the premises, and the house was occupied by Wattles and his wife as a residence until the beginning of 1893, when they moved to Kansas City.   In April, 1893, the property was sold to J. W. Waggener for $4000.   The mortgage debt thereon had then been reduced by monthly payments to $2361. This sum, with nine per cent interest per annum, Waggener agreed to pay within two years to the First National Bank of Atchison, with which a deed for the property was deposited, to be delivered to Waggener upon the payment of said money.   The balance, $1639, he paid in cash, $1000 of which by agreement was deposited with the First National Bank of Atchison as security for the payment by Wattles of the monthly payments due the loan company not provided for by the Waggener contract, and thus prevent a default in the mortgage.   This deposit was evidenced by a certificate of deposit made to the said G. C. Wattles and by him indorsed and delivered to the bank subject to said contract.

Wattles defaulted in the July, 1893, payment, and in August, 1893, the bank cashed the certificate of deposit and from the proceeds made the July payment, and also for each month thereafter as payments became due.   On January 26, 1894, Waggener paid to the bank the balance due from him, amounting to $2433.30, and the deed for the property was delivered to him.   This left in the hands of the bank $867.30, out of the funds derived from the sale of the property of Wattles, not necessary for the payment of the liens thereon.   This sum the bank sought to apply, without

any permission from any one, toward the payment of an indebtedness owing it from the Haskell Printing Company, an insolvent corporation in which G. W. Wattles was a stockholder. Whether or not it had the right to make such appropriation of said funds is the principal question in this case.

The property sold, from which this money was received, was the property of Mrs. Nettie H. Wattles. On May 16, 1893, the bank was notified that she was the owner of said funds, by her husband, in whose name the certificate of deposit stood, and authority was given to make the certificate so show. On July 7, 1893, Nettie H. Wattles assigned it to G. W. Wattles, a distant relative of her husband, who was the plaintiff in this case in the court below and is the principal defendant in error here. On July 8, 1893, G. W. Wattles notified the bank that he was the owner of said certificate and made a demand therefor. After this, the bank cashed the certificate and appropriated the proceeds as hereinbefore stated. The court below substantially held that G. W. Wattles was entitled to the balance of said funds in the hands of the bank after the payment of all the debts for which it was security, and gave judgment accordingly. This we are asked to reverse.

There are thirteen assignments of error in the plaintiff in error's brief. With regard to the first one, it is sufficient to say that the fund in controversy was deposited in the bank to secure the payment of certain obligations of G. C. Wattles, and the first part of the matter asked to be stricken out alleged the payment and discharge of said obligations and was proper matter to be pleaded. The latter part was probably surplusage and should have been stricken out, if requested, but it was not error to overrule the motion

as made.   The second and third assignments of error, concerning the admission and exclusion of evidence, do not comply with the requirements of rule 6 of this court.   On the contrary, there are thirty-five pages of record referred to without any pretense of calling our attention to the particular portions that are supposed to be erroneous or the reasons why they are so.   If we are carefully to examine the question of competency or relevancy of testimony admitted or refused, our attention must be specifically called to the exact portion referred to, and the reason given why the rulings of the court are believed to be erroneous.

All the remaining assignments of error except the twelfth can properly be considered together under the question, Did the pleadings and evidence justify the court in rendering a judgment for the plaintiff below ? There can be no serious question but that the money in controversy primarily belonged to Mrs. Wattles. It was the proceeds of the sale of her property, and although the business was transacted by her husband as her agent, the money belonged to her as against every person except such as may have acquired some legal right to it.   The bank, through her acquiescence, had the right to hold it and apply as much as necessary thereof to a particular, clearly specified purpose.   When that purpose was accomplished, the money belonged to her or her assignees.   That she had a right to sell and transfer her equity therein there is no doubt, and that she did so the court was fully justified by the evidence in finding.

It is argued by the plaintiff in error that the action was one at law for the tortious taking and converting of a specific chattel, and that in such case the right to the immediate possession of the chattel must be alleged and proved before a recovery can be had, cit-

ing many authorities in support thereof. We have no doubt but that under the former rules of practice this contention would be fully approved, and in many states it is the law to-day, but in Kansas the law says:

"The distinctions between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished, and in their place there shall be hereafter but one form of action, which shall be called a civil action." (Gen. Stat. 1897, ch. 95, § 6; Gen. Stat. 1889, ¶ 4087.) "The petition must contain, first, the name of the court and the county in which the action is brought, and the names of the parties, plaintiff and defendant, followed by the word 'petition'; second, a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition; third, a demand of the relief to which the party supposes himself entitled." (Gen Stat. 1897, ch. 95, § 87; Gen. Stat. 1889, ¶ 4170.) "The plaintiff is entitled to whatever relief the facts stated in his petition warrant, regardless of the prayer of the petition." ( *Walker v. Fleming*, 37 Kan. 172, 14 Pac. 470.)

It is claimed that the court was not justified in finding that Mrs. Wattles was not a stockholder in the Haskell Printing Company; that a transfer of the stock can only be made on the books of the corporation; and as no evidence of such a transfer was offered there was no evidence of a legal transfer. In reply to this we would say, that in order to hold a person as a stockholder by the books of a corporation, the books must show that such person is a stockholder. In this case there is no evidence that Mrs. Wattles's name appears on the books as a stockholder, but by the same evidence claimed by the plaintiff in error to establish the fact that she once was a stockholder it is proved that she long since ceased to be such.

The twelfth assignment of error is that the amount

of the judgment was too large.   In other words, the contention is that the $269.80 paid by Mr. Waggener as interest was a fund to which the plaintiff had no claim, but was added in to make the amount of his judgment, when it should not have been.   The $1000 was deposited with the bank to pay all sums due the loan association not provided for in the contract with Waggener, and it was the duty of the bank to pay from said fund only what was not otherwise provided for, and as equity counts that done which ought to be done, it will apply all of the Waggener payment toward the liquidation of the debt, and the court was right in holding that the whole amount left in the hands of the bank was due the assignee of the claim.

There is no other question in this case of sufficient importance to demand extended notice.   We have carefully read the record and considered the briefs of the respective parties and are convinced that the judgment is amply supported by the evidence and is eminently just and equitable.   The judgment is affirmed.