STATE ex rel. MICHAEL J. BELL v. MICHAEL J. MORIARTY.[1]

December 19, 1900.

No. 12,483.

Quo Warranto.

Application to the supreme court for a writ of quo warranto.
Writ denied.

*W. F. Hunt,* for relator.

PER CURIAM.

A petition herein, signed by the attorney general, was presented
to the court by the attorney of the relator, Michael J. Bell, praying
that a writ of quo warranto issue out of this court to test the title
to the office of alderman of the Sixth ward of the city of St. Paul.

It is the settled rule of this court that a writ of quo warranto
will not issue where the law furnishes another remedy, except in
special cases, where it appears that public interests require that
the writ issue out of this court.  State v. Dowlan, 33 Minn. 536,
24 N. W. 188; State v. Gates, 35 Minn. 385, 28 N. W. 927; State v.
Otis, 58 Minn. 275, 59 N. W. 1015. . In the first two cases cited the
title to the office of alderman was involved, and in each case the
writ was denied.  Ordinarily, when the attorney general asks that
the writ issue, we assume, unless the contrary appears from an
inspection of the information, that public interests require that
the writ issue.  This is due to him as the head of the legal depart-
ment of the state, charged with the duty of representing the in-
terests of the state before this court,  But where, as in this case,
the application for the writ is made by the attorney of the relator,
the attorney general consenting, but not participating, it is our
duty, upon our own motion, to scrutinize the petition, and deny
the writ, unless it affirmatively appears from allegations of the
petition that public interests require that it be issued.  Now, so
far as it appears from the petition, this case is simply a proposed
contest between the relator and the respondent as to the title of

1 Reported in 84 N. W. 495.

the office of alderman. It does not appear from the petition that this contest involves such public interests as to bring the case within the exception to the rule. If the relator believes that he is entitled to the office, he has a remedy in the district court. State v. Otis, supra; G. S. 1894, § 5963.

Writ denied.