# A. M. DENNISTOUN AND OTHERS v. G. M. DAVIS AND OTHERS.[1]

February 21, 1930.

No. 27,607.

[1]Reported in 229 N. W. 353.

W. R. Werring and A. C. Dolliff, for appellants.
A. R. A. Laudon and Freeman & Smith, for respondents.

OLSEN, C.

Defendants appeal from an order denying their motion for a new trial.

The action is one by quo warranto to test the right and title of the defendants to hold offices as president, vice-president, secretary-treasurer, and directors, respectively, of the Redwood County Rural Telephone Company, a corporation. The plaintiffs bring the action as stockholders and officers of the corporation. Dennistoun, Mc-Corquodale and Gunelson claim they are duly elected and qualified directors and officers thereof. Quessenberry was a director at the time action was commenced. The articles of incorporation provide for the election of a board of nine directors to manage the business. Three directors are elected at each annual stockholders' meeting and hold office for three years. The other officers of the corporation

are elected annually by the directors. The by-laws of the corporation provide that each stockholder shall have one vote at the elections and that stock in the corporation may be transferred by written assignment, but "no assignment shall be effectual unless an entry of the same is made in the stock book." It is provided that any stockholder may vote by proxy by giving written authority to the person designated therein, which authority shall be filed with the secretary.

■ At the opening of the trial below defendants moved to quash the writ and also for judgment on the pleadings, which motions were denied.

Defendants contend that plaintiffs cannot maintain the action; that the exclusive remedy is under G. S. 1923 (2 Mason, 1927) § 9711, giving the attorney general authority to bring a civil action against any person who usurps, intrudes into, or unlawfully holds or exercises any public office, or any office in a corporation, created under the laws of this state. Under §§ 9709 and 9710 of the statute the attorney general may bring such a civil action to annul the incorporation of a municipality or to vacate the charter, or annul the existence of other corporations. It is well settled that as far as the attorney general is concerned the remedy provided by these sections is not exclusive; that he may nevertheless proceed by quo warranto. The remedy by quo warranto is held to be a concurrent remedy. State ex rel. Hahn v. St. P. & S. C. R. Co. 35 Minn. 222, 28 N. W. 245; State ex rel. Whitcomb v. Otis, 58 Minn. 275, 59 N. W. 1015. Where the action is to vacate a municipal charter or to try the right of an incumbent of a public office to hold the same, the writ will generally not issue without the consent of the attorney general. State ex rel. Ruesswig v. McDonald, 101 Minn. 349, 112 N. W. 278; Evens v. Anderson, 132 Minn. 59, 155 N. W. 1040. It has long been recognized in this state that where the writ is asked for the purpose of trying the right of persons to hold office in a private corporation it may issue on the relation of persons interested as stockholders and officers of such corporation. State ex rel. Whitcomb v. Otis, 58 Minn. 275, 59 N. W. 1015; State ex rel.

Koski v. Kylmanen, 178 Minn. 164, 226 N. W. 401, 709. It is the general rule that the writ ought not to be granted where the law furnishes another adequate remedy. State ex rel. Simpson v. Dowlan, 33 Minn. 536, 24 N. W. 188; State ex rel. Bell v. Moriarty, 82 Minn. 68, 84 N. W. 495. But the remedy provided by § 9711 is granted to the attorney general. As to him it is a concurrent remedy only, and he may proceed thereunder or by quo warranto, as he deems best. As to other persons, this statute does not grant any remedy. It would seem to follow that where persons other than the attorney general have a right to make complaint, their exclusive remedy is the common law writ of quo warranto.

■ We have examined the writ to ascertain whether a cause of action is presented, and reach the conclusion that one is stated and that the court did not err in denying the motion for judgment on the pleadings.

■ Defendants challenge the sufficiency of the evidence to sustain the decision and the sufficiency of the findings of fact to sustain the conclusions of law. There is no material dispute as to the facts. Counsel for defendants state:

"This appeal presents but one question, namely: Until the stock is transferred on the books of a corporation, is the owner of the stock as shown by the corporation records entitled to vote at the corporate meetings."

The question may perhaps be more clearly stated as follows: Does one who has sold and assigned his stock in a corporation, although the transfer has not been entered on the stock books of the corporation, have the absolute right to vote, in person or by proxy, at meetings of the corporation after he has so parted with his stock? G. M. Davis, one of the defendants, was a stockholder and a director of the corporation. As stockholder he had one vote at corporation elections.

The court found as facts, in substance, that, during the year next prior to the annual meeting of the stockholders of the corporation on February 21, 1928, the defendant Davis, together with the other defendants, entered upon the carrying out of a plan and scheme to

gain control of the corporation, its board of directors, and officers. For that purpose Davis from time to time during said year purchased the stock of numerous individual stockholders. He became the owner of said stock at the time he purchased same, but he did not cause the transfers thereof to be entered on the books or records of the corporation. Instead of so doing he took from each of the sellers of such stock, at or about the time of the respective purchases, a proxy authorizing him to vote such stock at the annual stockholders' meeting on February 21, 1928. By means of such proxies he claimed the right to and did cast a large number of votes, said by the court to have been some 81, at the election of directors at said annual meeting. The court further found that as owner of stock in the corporation he was entitled to only one vote; that by means of such proxies he and his associates were enabled to make it appear that the defendants George Nelson, John Welter and W. P. Neitzke received the highest number of votes respectively for the office of directors of the corporation; that without counting the votes so cast on said proxies the plaintiffs A. M. Dennistoun, D. R. McCorquodale and J. S. Gunelson received the highest number of votes for and were elected as such directors. The exact number of such proxies voted by Davis does not appear from the evidence, but it is stipulated that if he had not voted such proxies the plaintiffs Dennistoun, McCorquodale and Gunelson would have received a majority of the valid votes cast for directors at said meeting. The court held that the proxies so used by Davis and the votes cast thereon by him were invalid, and that the defendants Nelson, Welter and Neitzke were not elected as directors at said meeting, but that plaintiffs Dennistoun, McCorquodale and Gunelson were elected as directors.

It appears that the right of Davis to vote such proxies was questioned at the meeting and a motion passed to have an investigation made. It further appears that thereafter a directors' meeting was held, wherein McCorquodale, Dennistoun and Gunelson claimed to be and took part as directors and were elected as officers of the corporation. Directors Davis and Edward Nelson refused to par-

ticipate in this meeting. Apparently another meeting was held by Edward Nelson, Davis, George Nelson, Welter and Neitzke, wherein the three last named claimed to be directors, and wherein Davis, Edward Nelson and George Nelson were purported to be elected as the officers of the corporation. As the terms of office of any officers, other than directors, elected in 1928, have long since expired and the evidence does not show what further elections have been had, that question is not now important.

A consideration of the statutory regulations, the provisions of the articles and by-laws, and the rules of law established by decisions of the courts is pertinent. In brief, G. S. 1923 (2 Mason, 1927) §§ 7463, 7464, provides that a sale and assignment for value of corporate stock vests title thereto in the purchaser, but does not affect the rights of the corporation to pay dividends thereon or to treat the holder of record as owner in fact until the transfer has been entered on the books of the corporation. The transfer is not to be entered on the corporation books until debts due the corporation by the record holder are paid. Section 7464 contains the further provision that the transfer is not valid, except between the parties thereto, until it is entered on the books, but that the transfer shall not exempt the transferor from liabilities of the corporation created prior thereto. The purpose of these regulations is to protect the corporation against transfers of which it has no notice and to protect the rights of its creditors.

The provision of the by-laws of this corporation, that no assignment of corporate stock shall be effectual unless an entry thereof is made in the stock book, has no broader effect than the statute. Legal title to corporate stock passes to the purchaser, by a sale and assignment thereof to him, without entry of the transfer on the books of the corporation. Baldwin v. Canfield, 26 Minn. 43, 1 N. W. 261, 276; Lund v. Wheaton R. M. Co. 50 Minn. 36, 52 N. W. 268, 36 A. S. R. 623; U. S. & C. Land Co. v. Sullivan, 113 Minn. 27, 128 N. W. 1112, Ann. Cas. 1912A, 51; Peavey v. Wells, 136 Minn. 180, 161 N. W. 508; Benson v. Saffert-Gugisberg C. C. Co. 159 Minn. 54, 198 N. W. 297; Ewing v. Gmeinder, 170 Minn. 242, 212 N. W. 446.

The right to vote at a stockholders' meeting is an incident of the ownership of stock. 14 C. J. 898; 7 R. C. L. 344.

The right to vote stock, as between the corporation and one seeking to vote same, follows the legal title. 7 R. C. L. 346, citing Commonwealth ex rel. Eberhardt v. Dalzell, 152 Pa. 217, 25 A. 535, 34 A. S. R. 640.

The sale by a stockholder of his shares in a corporation ipso facto revokes any proxies made or given by the seller in respect to such shares. 14 C. J. 912; Ryan v. Seaboard & R. R. Co. (C. C.) 89 F. 397.

A person ceases to be a stockholder when he ceases to hold shares in the corporation. 14 C. J. 840; First Nat. Bank v. Wattles, 8 Kan. App. 136, 54 P. 1103.

Where a stockholder has only one vote, or a limited number of votes in proportion to his stock, he cannot increase his voting strength by transferring part of his shares to others for the purpose of having them vote such shares for him. Mack v. DeBardeleben C. & I. Co. 90 Ala. 396, 8 So. 150, 9 L. R. A. 650.

The record of stock transfers on the books is required for the purpose of notice to the corporation and is for its benefit. Anyone having notice of such transfers stands in no better position than if the transfers were properly entered on the corporation records. 7 R. C. L. 268; Bridgewater Iron Co. v. Lissberger, 116 U. S. 8, 6 S. Ct. 241, 29 L. ed. 557; White River Sav. Bank v. Capital Sav. Bank & Tr. Co. 77 Vt. 123, 59 A. 197, 107 A. S. R. 754.

Neither our statutes nor the charter or by-laws we are considering contain the often used provision that transfers of stock shall be made only on the books of the corporation. Where that provision applies, a number of courts have held that only an equitable title passed by a transfer not so made. Some of the earlier decisions of this court indicated that view. But our later decisions, under the present statutes, hold, as stated, that legal title passes. The charter and by-laws provide for meetings of the stockholders; that the membership of the corporation shall consist of the shareholders of the capital stock, and that at elections each stockholder shall have one vote. It seems quite clear that in speaking of shares

holders and stockholders reference is made to the legal owners of shares of stock.

The defendant Davis, being a purchaser of the shares of stock in question, the transfers thereof were concededly valid as to him and he acquired legal title thereto. He stands in no better position than if his stock purchases had been properly entered on the books. Neither he nor his associates are in a position to claim any rights because he designedly failed to have the transfers entered on the books. Davis attempted by the use of proxies from former owners to vote in their names stock then owned by himself. In so doing he sought to evade the requirement that transfers should be entered on the stock books and the provision that each stockholder was entitled to only one vote. Except that he and his associates sought by these means to gain control of the corporation, there is no indication of fraud or improper motives. We are nevertheless unable to sustain the validity of this use of proxies.

The question whether one who appears on the books of the corporation to be a stockholder has the unqualified right to vote thereon after he has sold and parted with his shares, so that he no longer has any interest in the corporation, is argued. Where such transfer is held not to pass legal title to the shares, it is generally held that the seller holding the legal title has the right to vote. In other cases, where corporate elections or actions have been challenged on the ground that record holders of stock, who in fact had sold and disposed of their stock, had been permitted to vote, and the corporation had no notice of the prior transfer, the corporation was protected by the provisions of the statute, charter or by-laws. Here the right to vote these proxies was questioned at the meeting. The corporation, through its officers other than the defendants, refused to recognize the validity of the proxies, and this action followed. Generally speaking, only those who are stockholders and have a financial interest in the corporation at the time have a right to vote at a stockholders' meeting, in person or by proxy. The fact that, for the protection of the corporation, a holder of stock who has not had his ownership entered on the books is not entitled to vote, does not

aid these defendants. The findings of fact and conclusions of law by the trial court are sustained.

■ Defendants contend that the court had no authority to find and adjudge that plaintiffs Dennistoun, McCorquodale and Gunelson were elected as directors; that all it could do in any event was to oust defendants as officers and directors. The three plaintiffs named were directors at the time of the election, and in effect the election was but a wrongful method of ousting them from office. Under modern practice, quo warranto is practically only another method of trying out the issues in a lawsuit. The question as to who were elected directors at the stockholders' meeting mentioned was one issue here tried, and we find nothing erroneous or prejudicial in the action of the court in deciding the issue so presented. See State ex rel. Koski v. Kylmanen, 178 Minn. 164, 226 N. W. 401, 709.

Order affirmed.

