SCULLIN, by next friend, Appellant, v. WABASH RAILROAD COMPANY.

(No. 2.)

Division Two, December 12, 1905.

INTEREST: Judgment: New Trial: Appeal: Reversal. Where plaintiff obtained a verdict for personal injuries, and a motion for new trial was filed by defendant and granted, and plaintiff appealed, and the appellate court reverses the judgment setting aside the verdict and granting a new trial, and remands the cause with directions to enter judgment according to the verdict, with no further directions as to interest, the plaintiff is not entitled to have judgment as of date of the verdict, or to have

a judgment for the amount of the verdict with interest thereon from the date of the verdict, but is entitled only to a judgment for the sum named in the verdict, with interest thereon from the date the judgment was entered in accordance with the mandate.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

AFFIRMED.

*John F. Shepley* and *Douglas W. Robert* for appellant.

The purpose of the statute in allowing appeals from orders granting motions for new trial was to avoid the trouble, expense and delay of unnecessary retrials. Crawford v. Railroad, 171 Mo. 68; Haven v. Railroad, 155 Mo. 216; Cortney v. Railroad, 151 Mo. 35; Candee v. Railroad, 130 Mo. 154; Ess v. Griffith, 128 Mo. 59; Stoddard v. Railroad, 105 Mo. App. 512; Richardson v. Drug Co., 92 Mo. App. 515.

*Geo. S. Grover* for respondent.

(1) There is no statute under which the allowance here asked for could be made. There are but three cases in which interest is authorized to be charged by the statutes of Missouri, as follows: 1. In cases of conversion, or seizure, such as actions against carriers for non-delivery, or misdelivery. Sec. 2869, R. S. 1899. It is not here contended, nor can it be successfully, that this action is within the statute above quoted. 2. On contracts in writing. Sec. 3705, R. S. 1899. No claim is here made under this statute, nor could it be, as no contract is here sued on. 3. Interest on judgments. Sec. 3707, R. S. 1899. In compliance with this statute, and in

strict obedience to the mandate of this court, the judgment below in the case at bar, has borne and is still bearing six per cent interest from the day of its rendition, December 15, 1904. The statute does not now, and never did, in the history of this State, authorize the allowance of interest, *nunc pro tunc*, upon a mere verdict of a jury. Such a finding, until it ripens into and is replaced by a judgment, is merely an unsecured claim for which plaintiff has no lien. For that reason no interest either accrues, or can accrue, upon such a claim. (2) The only directions received by the learned judge below were the following: "To set aside the order granting a new trial, and to enter judgment for the plaintiff in accordance with the verdict." This was done, and thus "the appellant was restored to all things he has lost." For he never had anything but a verdict, and after it was set aside, the trial court was directed to enter a judgment upon it, which has been done. Crawford v. Railroad, 171 Mo. 84; Chapman v. Railroad, 146 Mo. 494.

BURGESS, P. J.—On the 17th day of March, 1900, plaintiff-appellant recovered a verdict and judgment against the defendant in the circuit court of the city of St. Louis for the sum of twenty thousand dollars for injuries alleged to have been sustained by him by reason of the negligence of defendant. Thereafter, on the 7th day of July, 1900, on motion of defendant, the verdict and judgment were set aside and a new trial granted. Plaintiff excepted, and in due time filed his affidavit for an appeal.

At the April term, 1904, of the Supreme Court, the judgment granting a new trial was reversed and the cause remanded, with directions to the trial court to set aside the order granting a new trial and to enter judgment for the plaintiff in accordance with the verdict.

After receiving the mandate from the Supreme Court, and on the 15th day of December, 1904, the trial court entered up judgment for the plaintiff in the sum of twenty thousand dollars and costs.

On the 25th day of January, 1905, and at the same term of court at which said judgment was entered, the plaintiff filed the following motion: ''Now comes the plaintiff in the above-entitled cause, by his next friend, and moves the court to set aside the judgment herein rendered at this term of court on, to-wit, December 15, 1904, and to enter said judgment in the sum of $20,000 in accordance with the verdict, and to enter said judgment as of March 17, 1900, in accordance with the mandate of the Supreme Court of the State of Missouri, filed herein.'' Which motion the court, upon the same day, overruled, to which order and ruling of the court the plaintiff then and there duly excepted at the time.

Plaintiff contends that when the said order and judgment of the trial court setting aside the verdict and judgment in his favor and granting the defendant a new trial was, upon his appeal, reversed and remanded by the Supreme Court, with directions to the trial court to set aside the order and judgment granting a new trial and to enter up judgment for the plaintiff in accordance with the verdict, it meant as of date March 17, 1900, when said verdict and judgment was rendered; or, if entered in pursuance of the mandate of this court, on the 15th day of December, 1904, it should have been for the amount of the verdict together with the interest at six per cent per annum from the date the verdict was rendered.

Under the Missouri statutes all judgments bear interest from the time of their rendition, unless otherwise provided in the judgment. From the time the verdict and judgment was rendered and the motion to set it aside sustained, it was suspended and so remained until judgment was entered in pursuance of

the order of this court, on the 15th day of December, 1904. During the interval there was really no judgment in favor of plaintiff which could be enforced for the reason that the one which had been rendered in the first instance had been set aside.

In the case of Crawford v. Railroad, 171 Mo. 68, wherein plaintiff recovered a verdict for personal injuries, judgment was entered on the verdict on February 12, 1901, and on February 15, following, the defendant filed a motion for a new trial, and the same having been sustained and a new trial granted, plaintiff appealed. The court said: "If upon a hearing this court should determine that the circuit court erred in granting a new trial, the order of the circuit court to that effect will be reversed and the judgment of plaintiff in that court will be restored in full force and vigor, whereas it is now suspended by an order granting a new trial."

In the case of Stoddard v. Railroad, 105 Mo. App. 512, the plaintiff obtained a verdict and judgment in the trial court, which, upon motion of defendant, was set aside and a new trial granted. Plaintiff appealed. The Court of Appeals held that error was committed by the trial court in sustaining said motion, reversed the judgment and remanded the cause, with directions to the trial court "to set aside the order granting a new trial, overrule the motion therefor and enter judgment for plaintiff on the verdict of the jury, with interest thereon at six per cent per annum from the date of the rendition of said verdict."

The precise question involved in this case, that is to say, whether a judgment obtained by plaintiff which is thereafter set aside on motion of defendant, and the order and judgment of the trial court setting aside said judgment is, upon appeal, reversed, with directions to the court to enter up judgment for plaintiff for the amount of the verdict as of the day upon which it was rendered, or, if judgment be ren-

dered after the mandate from the Supreme Court is
received, it should include six per cent interest per an-
num from the time of the rendition of the original
judgment, has never been decided by this court. The
question in issue in the case was not considered in
either of those cases, but the Stoddard case seems to
have been disposed of upon the theory that the origin-
al judgment bore interest at the rate of six per cent
per annum from the date of the verdict, and the court
ordered judgment to be entered up for that amount,
including six per cent interest per annum. The Craw-
ford case does not touch upon the question at all, and
is only referred to as holding that the judgment was
suspended by the order granting an appeal and would
be restored in full force and vigor in the event of the
reversal of the judgment and remanding the cause,
with directions to that effect.

If the plaintiff had submitted to the ruling of the
trial court when it sustained defendant's motion for a
new trial, and had the case been tried over again he
would have had no claim to interest on the first judg-
ment in the event of his recovery of another verdict,
for the reason that it had been set aside. It follows
upon the reversal of the judgment and the remanding
of the cause with directions to set aside the order
granting a new trial and enter judgment for the plain-
tiff in accordance with the verdict, in the absence of
a further order to enter up judgment as of date March
17, 1900, or to enter it for the amount of the verdict,
with six per cent interest per annum from the date of
its rendition, that the only thing the trial court could
do, in acting in accordance with the mandate of this
court, was to enter judgment for plaintiff in ac-
cordance with the verdict, that is, for twenty thousand
dollars. Finding no reversible error in the record, we
affirm the judgment.

All concur.