JESSIE WRIGHTSMAN HOVERSTOCK et al., Appellants, v. JOHN C. ROGERS, Respondent.

Springfield Court of Appeals, February 24, 1914.

1. **APPELLATE PRACTICE:  Former Appeals:  Supreme Court's Decision.**  Any question arising on former appeal to the Supreme Court which was fairly presented to the court and which was necessary to a decision of the case and was in fact decided is *res judicata* and binding on the trial court and courts of appeals, especially when the case was reversed and remanded with certain directions.

2. **GUARDIAN AND WARD:  Investment by Guardian:  Ratification by Ward.**  Where wards, after becoming of age, gave receipts to their guardian for the amounts apparently due them without any money being paid to them, and sued for an interest in a hotel purchased therewith, this constituted a ratification of his action in previously investing their money in such hotel.

3. **INSTRUCTIONS:** Refusal of: Harmless Where Result Would Not Have Been Changed. Where the same result would of necessity have been reached had certain instructions been given, the refusal thereof it not reversible error.

Appeal from Christian County Circuit Court.—*Hon. John T. White,* Special Judge.

AFFIRMED.

*J. P. McCammon* for appellants.

(1) It is the general rule that a question arising on a former appeal will be deemed *res adjudicata* only when it must have been fairly presented to the court as necessary to a decision of the case and directly considered and decided. Ables v. Ackley, 133 Mo. App. 594, 113 S. W. 698; Railroad v. Swan, 120 Mo. 36-7; Anderson Carriage Co. v. Gilmore, 129 Mo. App. 647, 108 S. W. 594; Gwin v. Waggoner, 116 Mo. l. c. 152. (2) As no inquiry had been directed to the issue as to what amount was due on the $1350 note, "it was not a part of the court's meaning or intention that the trial court should ascertain" the whole "amount to be due defendant if in point of fact nothing was due." Wing v. Life Ins. Co., 166 Mo. App. 731, 150 S. W. 1120.

*G. A. Watson* for respondent.

(1) The first error assigned is the admission of the judgment rendered in case of John C. Rogers v. Barbara A. Wrightsman. The $1350 was merged in the judgment and this judgment was not only best evidence but was the only evidence admissible to prove the indebtedness. 2 Daniel Negotiable Instruments secs. 1283-4; Barber v. Baker, 70 Mo. App. 680; Pickel Stone Co. v. Wall, 108 Mo. App. 495; Wycoff v. Epworth, 146 Mo. App. 554; Roth Tool Co. v. Camp Spring Co., 146 Mo. App. 1; Crim v. Crim, 162 Mo. 544. (2) The liability of appellants is not fixed by the judgment

of the circuit court of Greene county, but by the decree of the Supreme Court in their own case. Wrightsman v. Rogers, 239 Mo. 417.

STURGIS, J.—This case is a consolidation of two cases, former appeals in which are reported in 239 Mo. 417, 144 S. W. 479, under the title of Wrightsman v. Rogers, and in 239 Mo. 430, 144 S. W. 483, Hoverstock v. Rogers. Facts not necessary to be repeated will be found in such former opinions. The object of these suits originally was to have the court declare a resulting trust in favor of plaintiffs in certain real estate, a hotel in Ozark, Missouri ,the legal title of which was then in the defendant but formerly in plaintiffs' mother. The Supreme Court held that under the evidence, reviewed by it in an equity case, each of the two plaintiffs was the owner of a two-ninths interest in said hotel propery by reason of having furnished that proportion of the purchase price, but that a certain note for $1350, held by defendant, was a valid first lien on the whole of said property; that plaintiffs' mother, who signed such note and who then equitably only owned three-ninths of said property, was the principal debtor for said amount and that plaintiffs and their sister were in equity her sureties. The cases were reversed and remanded with directions to have the property sold, for an accounting of rents and profits and to pay the amount due on said note out of the mother's interest, if sufficient, and, if not sufficient, to pay the balance *pro rata* out of the interests of the plaintiffs and their sister.

It is stated by appellants here, and not denied by respondent, that after the cases were so remanded with directions, the property sold for $3125, though the record shows nothing as to any sale, how, or by what authority, made or what it sold for. It is further admitted that the $1350 note in question, without any credit being allowed thereon, amounted to more than

the property sold for. The defendant, therefore, contented himself by making to the court an accounting of the rents received, less the insurance, taxes, repairs, etc., showing a total received of $2050 and a total paid out of $2300, leaving the property indebted to him for $250. The correctness of this accounting is not questioned. On this showing nothing was due plaintiffs. The trial court so found.

The plaintiffs then put in evidence "the files in the suit," showing that in January, 1907, and while these cases were pending in the Supreme Court, the defendant had reduced his note for $1350 to judgment against plaintiffs' mother, whom the Supreme Court held to be the principal debtor, together with another note given by the mother to him, the total judgment being for $2530. The petition and judgment in that case shows that the amount due on the note for $1350, here involved, was $2140, and on the other note $390, making the judgment, as stated, $2530, with costs taxed at $12.30. It was also shown that there was realized on executions issued on this judgment, after allowing the mother her exemption of $300, the sum of $331.90, As this is less than the amount due on the other note sued on at the same time and merged in the judgment on the note for $1350, we see no advantage gained by plaintiffs by putting in this evidence, though granting that plaintiffs are entitled to show payments made on this $1350 note adjudged by the Supreme Court to be a valid lien on the hotel property. On this showing plaintiffs were not entitled to anything.

The other evidence for plaintiffs at this trial consists of short extracts taken from the evidence introduced at the former trials and which was before the Supreme Court on the former appeals. It is claimed that this evidence shows that certain credits should be given on this $1350 note and that thereby the amount due would be so reduced as to leave a balance due these

plaintiffs. The trial judge found against this contention.

It will be conceded, or ought to be, that any question arising on the former appeals which was fairly presented to the court and which was necessary to a decision of the case and was in fact then decided is *res judicata* and binding on the trial court and this court. [Gwin v. Waggoner, 116 Mo. 143, 151, 22 S. W. 710; Hinzeman v. Railroad, 199 Mo. 56, 94 S. W. 973; Ables v. Askley, 133 Mo. App. 594, 133 S. W. 698.] And this is especially true and allows no opening up of old issues when a case is reversed and remanded with directions to do certain things. [State ex rel. v. Anthony, 65 Mo. App. 543, 551; Shroyer v. Nickell, 67 Mo. 589; Scullin v. Railroad, 192 Mo. 6, 90 S. W. 1028; State ex rel. v. Edwards, 144 Mo. 467, 46 S. W. 160.]

In the former trial plaintiffs were seeking to impress the land in controversy with a resulting trust in their favor, based on the fact of their having paid, through their guardian, a part of the purchase price of this hotel property. It was the very gist of their action to determine the amount each party so paid. Plaintiffs claimed they had each paid one-fourth. The Supreme Court found that of the purchase price the two plaintiffs each paid $900, their sister $900 and their mother $1350. On this the court ascertained and adjudged the interest of the mother to be three-ninths and of each of the three daughters, inclusive of these plaintiffs, to be two-ninths. These findings are certainly *res judicata*. The court also found on defendant's contention that the defendant had loaned the mother $1350, represented by the note in issue, and that this money went into the hotel property; otherwise it would not have been an equitable lien on plaintiffs' interests therein. It was also shown that the mother owed defendant other notes than this one, but the money represented by such notes did not go into or enhance the value of the hotel property; hence these

were not made a lien thereon. It was expressly directed by the Supreme Court that, on the sale of the property, the proceeds "be applied to the payment of the $1350 deed of trust and interest." We also find that plaintiff then, as now, contended, and on the same evidence we have here, that there was not $1350 due on that note and deed of trust and specifically set forth in a motion for rehearing and to modify the opinion and judgment the very extracts from the evidence now relied on as showing that a credit of $1000 should be allowed on such note. This contention and motion the Supreme Court overruled. That court had before it all the evidence; this court has before it only a few extracts therefrom. We think the trial court correctly ruled that the amount of defendant's lien on this property and the proceeds thereof on a sale of the same was adjudged by the Supreme Court and was not again open to review, at least on the same evidence presented to that court.

We do not rule that plaintiffs could not have shown that this note or some part of it was paid off after the former hearings in the circuit court, because that would be a matter not then presented. The Supreme Court spoke on the evidence and as of the date of the former trials in the circuit court. But plaintiffs are not making any such claim of subsequent payment. The $1000 credit now claimed arises out of the dealings had between the parties before these suits were commenced.

Even if the trial court was wrong in holding that the allowing of such credit was not open to inquiry on the evidence presented to it, we think that such evidence does not show that plaintiffs are entitled to any such credit. Defendant was the guardian of plaintiffs, they being minors, when he invested their money in this hotel. It seems that he did so without an order of the probate court and took chances on their ratifying his action on their becoming of age. As their

guardian he had received and held for each substantially the same amount he put into the hotel, $900. This became the basis of plaintiffs' claim to two-ninths interest, each, in the hotel property and by suing therefor, after becoming of age, they ratified defendant's action in so investing their money. Had they been of age at the time of the investment the account would have been at once squared. The defendant, however, kept the ''Wrightsman fund'' account open and on paper carrying the funds invested in the hotel to his debit therein. The funds of the minors had also been loaned out and defendant advanced the cash and was to be reimbursed, if at all, when the money was collected in. Knowing that he could not settle his guardian accounts until the minors became of age, he kept the accounts on paper much as if he had not invested the funds in real estate. When each of these girls became of age he made out his settlement on the basis of the money still being in his hands. They ratified his action in previously investing the money in the hotel by giving receipts for the amounts apparently due them without any money being then paid to them. Appellants claimed and were accorded the right to contradict and explain the written receipts given by them to their guardian, showing payment in full of the amount due them on final settlement, by showing that such amount was not in fact then paid; but they seek to deny defendant's right to go back of his settlement and show that the amount, apparently due on the settlement and receipts then given, had been previously invested in this hotel and which became the basis of plaintiffs' claim to an interest in the same.

In our view of the case it is of no importance whether the learned trial judge regarded the judgment in defendant's favor on this $1350 note against plaintiffs' mother as being binding on these plaintiffs as to the amount due thereon or not. It is conceded that the amount due on such note exceeds what the prop-

erty sold for unless the credit for $1000, due plaintiff
on the face of defendant's settlement as her guardian,
is allowed thereon.   No basis for such credit was
shown.   The refusal of certain declarations of law, ·
asked by plaintiffs, is also of no importance as the
same result would be reached had they been given.
The judgment being for the right party, the same is
affirmed.

Robertson, P. J., concurs.   Farrington, J., con-
curs.