THOMAS McROBERTS and Another v. WILLIAM McARTHUR and Others.[1]

October 20, 1896.

Nos. 10,298—(181).

**Appeal—Remand—New Trial as to Part—Judgment—Costs.**

> On a former appeal this court remanded this case, with directions to en-
> ter judgment for plaintiff for the undivided two-thirds of the real estate
> in question, and ordered a new trial as to the other one-third. The order
> remanding the case construed. *Held*, the directions contemplated the entry
> of judgment for the two-thirds before such new trial was had as to the
> other one-third; and, although the judgment so entered was irregular, it
> was valid, and plaintiff, on entering the same, was entitled to tax and in-
> sert in the same his costs of the former trial, without any special direc-
> tions as to such costs in the order remanding the case.

Appeal by defendants from a judgment of the district court for
Houston county, so far as it gave plaintiffs judgment for $193.65, the
amount of their costs and disbursements incurred in the trial, after
an order for taxation thereof made by Whytock, J., on appeal by
plaintiffs from the refusal of the clerk to tax costs.    Affirmed.

*Wells & Hopp* and *George H. Gordon*, for appellants.

*E. H. Smalley* and *Tawney, Smith & Tawney*, for respondents.

CANTY, J.   On a former appeal this case was remanded to the
court below, with the following directions: "The district court
*   *   *   is directed to enter judgment in favor of the plaintiffs to
the undivided two-thirds of the 14 acres described in the complaint,
and that as to the other one-third of the said premises, wherein title
is claimed by the plaintiffs to have been derived through the Mc-
Campbell deed, a new trial is hereby ordered." See 62 Minn. 310,
314, 64 N. W. 903.   Thereupon, and without waiting until such new
trial was had, the plaintiffs proceeded to have judgment entered in
their favor for such two-thirds, and proceeded to have the costs of
the former trial taxed and entered in such judgment. The defend-
ants objected to such taxation on the following grounds: "(1) The
action is not yet determined, but is still pending under the order
remanding for new trial.   (2) That the supreme court, in its order

1 Reported in 68 N. W. 770.

for judgment as to portion of land claimed, did not embody in said order directions for costs and disbursements for plaintiffs. (3) The order of the supreme court remands the case to this court for further trial. (4) That the recovery for costs and disbursements by statute only follows the final determination of said action in this court."

The judge, on appeal to him from the clerk, overruled the objections, taxed the costs, and the same were inserted in the judgment so entered. Defendants appeal from the judgment so far as it awards such costs.

The judgment must be affirmed. The order remanding the case on the first appeal clearly directs the entry of judgment for the two-thirds, without regard to whether such new trial has been had as to the other one-third. It seems to us that this is an irregular way of proceeding. There should be but one judgment. The trial may be had, a part at a time, where circumstances require it, as where on appeal a new trial is ordered only as to a part of the issues. But in an ordinary action there should be but one final judgment between the same parties as to the same subject-matter. The order remanding the case was inadvertently drawn, so that it provided for the entry of two final judgments in the court below. If the attention of this court had, at the proper time, been called to the peculiar language of the order, it would, undoubtedly, have been corrected so that it would authorize but one final judgment, which could not be entered until all the issues were disposed of. But, even though the order as it stood was irregular, the court below could do nothing but obey it, and plaintiffs were entitled to immediate judgment for the two-thirds. The costs are a mere incident of the judgment, and, without any special directions, go with an irregular judgment (which is not void for want of jurisdiction) just as well as with a regular judgment.

Judgment affirmed.