DANIEL S. PIPER v. JOSEPH A. SAWYER and Others.

November 29, 1899.

Nos. 11,859—(124).

**Judgment Ordered by Supreme Court.**

> *Held*, where a cause is reversed and remanded by this court with directions to the court below to proceed and award a particular judgment, such court below has no discretion in the matter, but must grant the judgment or relief so directed.

**Res Judicata.**

> And that the question presented in this case is res adjudicata, under the decision in a former appeal; following Johnson v. N. W. Telephone Ex. Co., 54 Minn. 37.

Appeal by defendants Joseph A. Sawyer and Nellie A. Sawyer from a judgment of the district court for Steele county entered pursuant to the amended findings and conclusions of Buckham, J. Affirmed.

*J. A. Sawyer*, for appellants.

*Wheelock & Sperry* and *Robert Taylor*, for respondent.

BROWN, J.

This is the second appeal in this case. See 73 Minn. 332, 76 N. W. 57. The facts, about which there is no controversy, are fully and clearly set out in the opinion on the former appeal, and need not be repeated at length here. To a proper understanding of this opinion the principal facts only need be stated.

At a date long prior to the commencement of this action, the plaintiff became the owner of four certain mortgages executed by defendants Sawyer and wife upon real property owned by them, and, to adjust the amount due thereon, and provide for the payment thereof, entered into an agreement with defendants in which the sum of $20,400 was fixed as the total amount due. Terms of payment thereof were agreed upon, and it was also agreed that defendants should convey the property to plaintiff, and plaintiff should in turn reconvey to defendant, Mrs. Sawyer; the deed to her to be delivered to and held by defendant Woodman until Sawyer and wife should pay such indebtedness. The deeds were duly executed, and delivered accordingly. Defendants failed to pay the indebtedness at the time and as required by the terms of the agreement, and plaintiff, acting on the theory that the new agreement operated only as a modification of the contract between the parties as made up by the mortgages, and that they were not merged therein, brought this action, and asked for the foreclosure of the four mortgages. The court below on the first trial held in harmony with this theory, and ordered judgment of foreclosure as to the four mortgages, from which judgment the former appeal was taken. It was held by this court on that appeal that this special agreement constituted an equitable mortgage, in which the four prior mortgages became merged. The judgment was reversed, and the cause remanded, with directions to the court below to amend its findings of fact and conclusions of law, ascertain the amount due on the equitable mortgage, and direct its foreclosure. The court below complied with this mandate, and defendants again appeal.

At the time of plaintiff's application to the court below for the amended findings, the defendants applied for leave to file a supplemental answer, setting up as a defense—to state it in substance and briefly—that, because plaintiff had brought his action to fore-

close the original mortgages, and had refused defendants' offer to allow judgment of foreclosure as to the equitable mortgage, his remedy under the latter became lost, and he thereby estopped himself from asserting any rights thereunder. The court below denied this application, and this refusal is assigned as error. Although there are nine separate assignments of error, they all go to this one question. All the facts with reference to the four mortgages and the equitable mortgage are stated in the complaint, and are undisputed.

The identical question presented by the proposed supplemental answer was presented and argued to this court on the former appeal, and decided adversely to appellants, and is, therefore, res adjudicata. That decision became the law of the case, and the question cannot be reconsidered on this appeal. Johnson v. N. W. Telephone Ex. Co., 54 Minn. 37, 55 N. W: 829. And, besides, the cause was remanded to the district court on the former appeal with directions to award judgment of foreclosure as to the equitable mortgage, and that court had no alternative but to comply with that mandate. "Where a judgment is reversed and remanded with specific directions, the court below has no discretion in the premises, but must pursue the mandate of the appellate court." 13 Enc. Pl. & Pr. 846. For these reasons the judgment appealed from must be affirmed.

But we may remark, in passing, that the facts set up in the proposed answer do not constitute a defense, and, conceding authority in the court below to permit it to be interposed, the order rejecting it was proper for that reason. The doctrine of election of remedies has no application to the facts of this case. Plaintiff did not possess two inconsistent remedies for the enforcement of his rights. He possessed an incumbrance against defendants' property to the amount of $20,400 or more, with but one remedy to enforce the security, which was by foreclosure of the incumbrance, whether evidenced by the original mortgages or by the substituted equitable mortgage. He did not waive his rights under the equitable mortgage by asking in his complaint—which set out all the facts, both with reference to the original and the equitable mortgage—that the original mortgages be foreclosed. The plaintiff asked for the

wrong relief, but the court was not precluded from granting him his proper relief. G. S. 1894, § 5413.

Judgment affirmed.