STATE, EX REL. W. C. BULLARD & COMPANY, v. GEORGE W. NORRIS.

FILED MARCH 6, 1901. No. 11,790.

1. **Mandamus: MANDATE.** Mandamus is an appropriate remedy to make the mandate of a reviewing court effective.

2. **Mandate: TRIAL COURT: FINDING: INTEREST: DISOBEDIENCE.** Where a finding in favor of one of the litigants does not include interest, the trial court does not, by refusing to render judgment for interest, disobey the mandate of this court directing it to render judgment for the amount found due.

ORIGINAL procedure in mandamus to enforce a mandate of the supreme court directing the district court to enter judgment for the amount found due. *Writ denied.*

*Switzler & St. Clair*, for relators.

*Webster S. Morlan, contra.*

SULLIVAN, J.

This is an original application for a mandamus directing the respondent, George W. Norris, as judge of the fourteenth judicial district, to enter a decree in favor of relators in compliance with the decision and mandate of this court in the case of *Bullard v. De Groff*, 59 Nebr., 783. The essential facts are not in controversy. The relators brought an action against De Groff and others to foreclose a mechanic's lien upon certain real estate in Red Willow county. De Groff pleaded a counter-claim. On October 9, 1896, a trial was had, which resulted in a finding that there was due to the plaintiffs upon their first cause of action the sum of $1,056.71, and that there was due to the defendant De Groff upon her counter-claim the sum of $1,000. For the difference between these amounts, with interest added from August 10, 1893, together with the amount found due upon the second cause of action, the plaintiffs were given a lien upon the property described in the petition. On appeal to this court the decision in favor of De Groff upon the counter-claim was set aside and the cause remanded with direction to the district court "to enter a decree establishing a lien in favor of plaintiffs for the amount found due on the account for which a lien is claimed." De Groff afterwards paid into court for the purpose of satisfying the decree the sum of $1,491.62, which was received and receipted for by the plaintiffs. The amount so paid and received did not include any interest on the sum of $1,000 from the time it became due, to-wit, August 10, 1893, to the

date of the trial. Claiming that they were entitled to interest on the entire amount found due them upon both causes of action, the plaintiffs, after the mandate had been filed in the district court, moved for judgment for interest on $1,000 from August 10, 1893, to October 9, 1896. The motion was denied and the plaintiffs thereupon instituted this proceeding on the theory that the ruling. was, in substance, a refusal of the district court to execute the mandate of this court. Mandamus is, of course, an appropriate remedy to make the mandate of a reviewing court effective. *State v. Omaha Nat. Bank*, 60 Nebr., 232; *Perkins v. Fourniquet*, 14 How. [U. S.], 313; *In re Washington & G. R. Co.*, 140 U. S., 91; *In re City Nat. Bank*, 153 U. S., 246; *Mason v. Pewabic Mining Co.*, 153 U. S., 361; *In re Sanford F..& T. Co.*, 160 U. S., 247.. But we think the writ should not issue in the case now before us. The court did not at any time find that the plaintiffs were entitled to the interest for which they claimed judgment, and consequently did not, in overruling their motion, refuse to give effect to the decision of this court. The plaintiffs were undoubtedly entitled to interest on their entire claim from August 10, 1893, but the trial court did not so find. What it did find was that the amount due upon the first cause of action and the amount due upon the counter-claim were, on August 10, 1893, compensated to the extent that they equaled each other. and that the balance only, being the sum of $56.71, should bear interest. Having never found that there was interest due to the plaintiffs upon their entire claim, the action of the district court was not a refusal to execute the mandate of this court, and, therefore, the peremptory writ should be denied.

WRIT DENIED.

NORVAL, C. J.

I concur in the judgment.