## MINNESOTA LAND & IMMIGRATION COMPANY v. EMIL MUNCH and Others.[1]

June 28, 1912.

Nos. 17,570—(165).

**Appeal from findings — res judicata.**

> Where specified findings of fact and the conclusions of law are assailed on appeal from a judgment, and the judgment is reversed, with directions to amend the conclusions of law in accordance with the opinion and order judgment accordingly, the findings of fact become res adjudicata, and the trial court has no right to amend such findings of fact after remittitur, unless the mandate be first modified.

After the former appeal, reported in 115 Minn. 536, 132 N. W. 326, the case was remanded with directions to amend the conclusions of law. The proceedings in the district court are narrated in the opinion. From the order, Wright, J., denying plaintiff's motion to amend the findings of fact, conclusions of law and order for judgment, so far as to allow plaintiff damages against defendants for the use and occupation of the premises for the years 1902, 1903 and 1904, and from that part of the judgment which limited plaintiff's total money recovery to $800 instead of $1,400, and allowed plaintiff to recover only $560 instead of $980 damages, plaintiff and interveners Mider and Kubicek appealed. Affirmed.

[1] Reported in 136 N. W. 1026.

*J. W. Reynolds,* for appellants.

*J. N. Searles* and *O'Brien, Young & Stone,* for respondent.

HOLT, J.

The last time this action was in this court it appeared that it was tried in the court below on the same evidence as in Simons v. Munch, findings of fact and conclusions of law made together with that case, and presented on appeal to this court therewith and on the same briefs. 115 Minn. 360, 132 N. W. 321; 115 Minn. 536, 132 N. W. 326. The appeals were then taken from judgments entered upon amended findings. This court reversed the judgments on the appeal of plaintiffs and the allied interveners, including the interveners Mider and Kubicek, with directions to the trial court to amend its conclusions of law in accordance with the opinion in the case of Simons v. Munch and to order judgment accordingly.

Minnesota Land & Immigration Company, appellant, has been substituted for the former plaintiff, Orrin D. Kinney, and is the appellant in this case. After the mandate was issued from this court, appellant and the allied interveners, including the two above mentioned, moved the court below to amend its amended findings of fact "by correcting the computation of the time of defendants' use and occupation of the lands therein mentioned, so as to allow damages to plaintiffs during the period from six years prior to the time of the commencement of the actions up to the present time; and by correcting said computation so as to allow damages to all the interveners allied with plaintiffs during the period from six years next prior to the time of their intervention up to the present time."

The trial court refused to amend the findings, except in accord with a stipulation between the parties that damages to the amount of one dollar per acre for the land of plaintiffs and allied interveners for the year 1911 should be included in the judgment. For these stipulated damages, and the damages found in the amended findings to have been sustained by Kinney and allied interveners, judgment was entered in favor of appellants. There being no damages found for said interveners Mider and Kubicek, none were included in the judgment, except for the year 1911, pursuant to last-named stipulation.

From the order denying the motions of plaintiffs and allied interveners to amend the amended findings, and from the judgment thereon, this appeal is taken.

The order is not appealable, but the rulings sought to be reviewed are presented in the appeal from the judgment.

The complaint in the Kinney case is dated August 25, 1909, the reply is dated January 24, 1910, and the case was tried in March, 1910. The record does not show when the summons was served. The complaints in intervention are dated January 28, 1910. Although the amended findings are dated January 26, 1911, and state "that the value of the use and occupation of said [the plaintiff Kinney's] overflowed lands for the six years last past is eight hundred and forty dollars ($840)," this must be taken to mean either for six years next preceding the trial, or else for the six years next preceding the commencement of the action. The same is true with regard to the complaints of the allied interveners. The six years could not relate to any other time than the six years prior to the trial or else the six years prior to serving the complaints in intervention, for it is clear that there is no basis on which a court can find damages for a period subsequent to the introduction of testimony, unless upon a stipulation by the parties that it should be done. If either of the two possible constructions permissible be adopted as to just the time included in the six years for which recovery might be had, it is apparent that only a few months more than the six years for which damages were found could have been added thereto, and it is not entirely clear that the stipulation as to damages entered into at the trial contemplated any for parts of time less than a year. However, it is unnecessary to pursue any inquiry along this line, because we are of opinion that appellants have no right at this time to raise the question of the correctness of the findings of facts as the same were when the case was here on the former appeal.

By proper assignments of error the findings as to damages were challenged in the former appeal. And from counsel's statement in the brief therein he was fully alive to the situation that, if the findings of fact so warranted, judgment might be ordered in favor of his clients without a new trial, for he states on page 3 thereof: "The

findings were intended to be so made that upon reversal in this court judgment could be directed on the findings in favor of appellants and allied interveners without further proceedings in the court below."

The record on the former appeal further shows that the original findings of fact as to appellant, as successor to plaintiff Kinney and intervener Kubicek, were, on motion, changed by the amending findings. In such amended findings the number of acres flooded on plaintiffs' land and the damages sustained were inserted, evidently not having been in the original, and there being also added to the finding as to intervener Kubicek "that the evidence fails to show the number of acres flooded." The findings as to the intervener Mider, as originally made and as the same stood on the former appeal, do not state, as in the case of the other allied interveners, that he had owned the land for any length of time prior to the trial, but stated he was then the owner.

All questions raised or which can be raised on a former appeal become res adjudicata therein. Schleuder v. Corey, 30 Minn. 501, 16 N. W. 401; Hibbs v. Marpe, 84 Minn. 178, 87 N. W. 363. By failing to argue errors assigned, a party does not escape being concluded by the decision. Moreover, it may be said that, in making the decision in the former appeal directing the court to change the conclusion of law alone, it must have been considered that the attack on the specific findings of fact was without merit. As said in Re Sanford Fork & Tool Co., Petitioner, 160 U. S. 247, 16 Sup. Ct. 291, 40 L. ed. 414: "It must be remembered, however, that no question, once considered and decided by this court, can be re-examined at any subsequent stage of the same case."

But there is still another reason why the court below was right in refusing to amend the findings of fact as the same existed when the former appeal was decided. It is true that, where a judgment or order is simply reversed, the court below may make such disposition of the case as may be deemed proper, and is consistent with the decision which becomes the law of the case. And certainly unintentional errors, mistakes, or omissions may be corrected. But when the judgment is reversed because the conclusion of law directed the

entry of a wrong judgment, and the appellate court, permitting the assailed findings of fact to stand, directs the trial court to amend the conclusions of law and order judgment accordingly, the trial court has no authority to amend those findings of fact. Before that could be done the judgment and mandate from this court would have to be modified. McRoberts v. McArthur, 66 Minn. 74, 68 N. W. 770; St. Paul Trust Co. v. Kittson, 67 Minn. 59, 69 N. W. 625; Piper v. Sawyer, 78 Minn. 221, 80 N. W. 970.

In Re Sanford Fork & Tool Co., Petitioner, supra, the court held that when the case has been decided on appeal, and remanded, the trial court cannot vary the mandate "or examine it for any other purpose than execution, or give any other or further relief, or review it, even for apparent error, upon any matter decided on appeal, or intermeddle with it, further than to settle so much as has been remanded."

The judgment appealed from must be affirmed.