# NELLIE ORCUTT v. TRUSTEES OF WESLEY METHODIST EPISCOPAL CHURCH.[1]

March 23, 1928.

No. 26,492.

**Industrial commission cannot grant new hearing after award has been affirmed by this court.**

Where an award of compensation has been affirmed and the cause remanded by this court, the industrial commission is without power to grant a new hearing. The statute intends that the judgment shall be final unless it directs further proceedings.

Appeal and Error, 4 C. J. p. 1223 n. 77; p. 1224 n. 95; p. 1232 n. 63.
Workmen's Compensation Acts—C. J. p. 125 n. 68.

This court affirmed an award of compensation by the industrial commission to plaintiff for the death of her husband in a proceeding brought here by certiorari upon the relation of the defendant. 170 Minn. 97. After remand and upon application of the defendant, the award was set aside by the commission and a rehearing granted. Compensation was again awarded plaintiff after a resubmission of the matter on the evidence taken at the former hearing and additional evidence, and the defendant again brought the proceeding to this court by certiorari. Cause remanded with directions to vacate second award and reinstate original award.

*H. E. Maag* and *Ohman, Fryberger & Wangaard,* for relator.
*C. E. Warner* and *Joseph Harkness, Jr.* for respondent.

Taylor, C.

The industrial commission awarded compensation to the petitioner for the death of her husband. The employer brought the proceedings to this court by writ of certiorari. The award was affirmed. Orcutt v. Trustees of Wesley M. E. Church, 170 Minn. 97, 212 N. W. 173. After the proceedings had been remanded, the employer made an application to have the award set aside and for a new hearing.

[1] Reported in 218 N. W. 550.

The commission made an order vacating the findings and award and granting a new hearing. The matter was submitted upon the evidence taken at the prior hearing and the testimony of one additional witness produced by the employer. The commission again awarded compensation to the petitioner; and the employer again brings the proceeding to this court by writ of certiorari.

The petitioner contended before the commission and contends here that the statute does not permit the commission to grant a new hearing after the original award has been affirmed by this court. We are of opinion that this contention must be sustained. The statute provides that the commission may grant a new hearing for cause

"at any time after an award has been made and before the same has been reduced to judgment or writ of certiorari issued by the supreme court." G. S. 1923, § 4319.

The statute further provides that the supreme court

"shall have and take original jurisdiction" of the cause when brought before it on a writ of certiorari, "and may reverse, affirm or modify the award * * * - and enter such judgment as may be just and proper; and where necessary, may remand the cause to the industrial commission for a new hearing or for further proceedings, with such directions as the court may deem proper." G. S. 1923, § 4321.

The statute does not authorize the commission to grant a rehearing in cases in which a judgment has been entered, nor in which a writ of certiorari has been issued by this court, nor after a cause has been remanded unless directed to do so by this court.

In holding that granting a rehearing was within the discretion of the commission in Ogrosky v. Commonwealth Elec. Co. 172 Minn. 46, 214 N. W. 765, the chief justice called attention to the fact that no judgment had been entered nor writ of certiorari issued. Where a writ of certiorari issues, the statute vests this court with complete jurisdiction of the cause and clearly intends that the judgment rendered shall be final and conclusive, unless the court shall remand the cause to the commission for a rehearing or further pro-

ceedings.   This is in accord with the law governing courts.   It is the settled rule that after a cause has been determined and remanded by an appellate court it is the duty of the lower court to carry that determination into effect; and that where a judgment of the lower court has been affirmed by the appellate court the lower court cannot thereafter grant a new trial, nor change the findings, nor vary from the judgment, unless there be a statute conferring authority to do so. Minnesota L. & I. Co. v. Munch, 118 Minn. 340, 136 N. W. 1026; 4 C. J. 1222, §§ 3272, 3273, 3290.   Here this court had taken jurisdiction and rendered judgment affirming the award, and the commission had no authority to do otherwise than give effect to the award.

As the objection challenged the jurisdiction of the commission to hear the cause anew, we think it may properly be raised on a review of that proceeding.

In this case the rehearing resulted in a new award similar to the original award.   The commission had before it the evidence presented at the original hearing and the testimony of one new witness. It did not consider this new testimony of sufficient weight to change its findings of fact.   The new award is supported by the same evidence held sufficient to sustain the original award and, if the merits were to be considered, it is not likely that throwing additional weight into the opposite scale would be held to take away its probative force.

The cause is remanded with directions to vacate the second award and reinstate the original award.   No costs will be allowed.