## STATE EX REL. JOHN KOSKI AND OTHERS v. JOHN KYLMANEN AND OTHERS.[1]

No. 27,366.

July 12, 1929.

*M. E. Louisell,* for appellants (respondents below).

*Jenswold, Jenswold & Dahle* and *Toivonen & Harri,* for respondents (relators below).

[1]Reported in 226 N. W. 401, 709.

HILTON, J.

Appellants (respondents below, hereinafter for convenience called defendants) appeal from an order denying their motion for a new trial.

This is a quo warranto action, instituted by information in the nature of quo warranto on the relation of the relators below (respondents here and hereinafter called plaintiffs). They claimed to be the de jure and de facto directors and officers of the Finnish Supply Company (hereinafter called the company) which is and since February, 1914, has been a co-operative association, organized and existing under G. S. 1913, §§ 6479 to 6484 [G. S. 1923 (2 Mason, 1927) §§ 7822 to 7827] inclusive, and which carries on a general mercantile business in a township in St. Louis county.

On the return day of the writ defendants interposed a joint and several answer, which was also a motion to quash the writ; on that day an oral motion for judgment on the pleadings was noticed, both of which motions were by order denied. An appeal was taken to this court from that order and the appeal dismissed because the order was unappealable. Various intermediate motions were made, not here necessary to consider. The case was then tried to the court on its merits, and on December 28, 1928, the court made its findings of fact and conclusions of law in favor of plaintiffs. An application to have this appeal dismissed was denied.

The plaintiffs' contention was that they were wrongfully removed from their positions as directors and officers of the company at a special meeting held on May 22, 1928. This was denied by the answer, the claim being that they were properly removed (except the plaintiff John Perry).

The preliminary motion to quash the writ and for judgment on the pleadings was based on four grounds which are also urged here; (1) That the writ was improvidently issued; (2) that the writ was issued without notice to defendants or the company; (3) that the writ was merely vexatious and without any substantial grounds therefor; (4) that the writ was obtained by plaintiffs as a result of their failure to declare to the court what took place at

the meeting of May 22, 1928, when relators were removed from their several offices, and the failure to reveal to the court that the relators took part in the hearing duly had at said time and were heard in their own defense. We find no merit in the propositions advanced. The ruling of the trial court thereon was correct.

The findings of the trial court as to certain complicated features here involved and necessary to be considered cannot well be summarized or more concisely stated than they appear in the record. We therefore quote them:

"3. That said Articles of Incorporation have at all times provided:

"(a) That the affairs of the corporation shall be managed by a board of directors of seven members, and its officers, who shall be elected annually by the stockholders at their annual meeting, which meeting shall be held on the second Monday of January of each year, and which directors and officers shall hold office until the election and qualification of their respective successors.

"(b) That by-laws, not inconsistent with the laws of the state of Minnesota, more minutely describing the business of the company, may be drafted by the board of directors, and shall thereafter be ratified at a stockholders' meeting.

"4. That, pursuant to the authority contained in said Articles of Incorporation, by-laws were drafted by said board of directors and ratified by the stockholders of said corporation which, at all times hereinafter referred to, provided, among other things, as follows:

"'Article IV.

"'Stockholders Meetings.

"'Sec. 1. The annual meeting shall be held in January each year, and the semi-annual meeting in July of each year, upon a date to be determined by the board of directors, * * *.

"'Sec. 2. * * * Two auditors shall be chosen at the annual meeting, and the board of director members shall be chosen at the annual and semi-annual meeting in place of those whose terms have expired, as well as substitute directors, in a manner set out in Article 5.

" 'At the annual meeting the following officers shall be chosen from the members of the board of directors: President, vice-president, secretary and treasurer.

" 'Article V.

" 'Officers.

" 'Sec. 1. Affairs of the company between stockholders meetings shall be managed by the board of directors, which shall be made of 7 regular members and 3 substitute members. Five members of the board shall constitute a quorum.

" 'Sec. 2. The term of office of members of the board of directors shall be one year, except that after the first one-half year, 3 members will be retired by lot, and after the next one-half year, 4 more will be retired and so on. * * *

" 'Sec. 3. Members of the board of directors shall reside in the community and be stockholders and they can not own or work in a similar business. * * *'

"5. That at the regular annual meeting of the stockholders of said company held in January, 1928, the following were elected directors of said corporation, viz., Otto Hiltunen, Jacob Kaukonen, John Heikkenen and Nestor Norgord. That John Koski, John Kylmanen and Emil Kari had theretofore been elected directors of said corporation and continued to be directors thereof until their successors should be legally elected and qualified. That at the time of their election as such directors, and ever since, said John Koski and Nestor Norgord owned stock in a similar business, to-wit, The Farmers Co-operative Company, in violation of Article V of the aforesaid by-laws, and were at the time of their election and ever since have been ineligible to hold the office of director in said Finnish Supply Company.

"6. That said John Kylmanen has been president, said John Heikkenen, secretary and said Jacob Kaukonen, treasurer of said company since January 29, 1928, and continue to be such, respectively, until their successors are elected and qualify.

"7. That a special meeting of the stockholders of said Finnish Supply Company was duly and legally called and held on May 22,

1928; that at said meeting the stockholders of said company pretended to remove the above named directors, John Heikkenen, John Koski, Nestor Norgord, Jacob Kaukonen and Emil Kari, from their said offices in said company, but said proceedings for such removals were conducted and such removals were made arbitrarily and without cause and without authority of law, and are void. That after said pretended removal of said directors from their said offices, said stockholders pretended to elect the respondents Peter Hiltunen, John Hiltunen and Andrew Kylmanen, and one John Ranta and one Andrew Etelainen, as directors in their stead, but such pretended election was contrary to law and void.

"8. That thereafter said Peter Hiltunen, John Hiltunen, Andrew Kylmanen, John Ranta and Andrew Etelainen, acting with said John Kylmanen and Otto Hiltunen aforesaid, pretending to act as the board of directors of said company, called a so-called semi-annual meeting of the stockholders of said corporation to be held on July 30, 1928, for the purpose, among other things, of electing successors to said John Kylmanen, Peter Hiltunen, John Hiltunen, Andrew Kylmanen, John Ranta and Andrew Etelainen, as directors of said company; and at said meeting respondents John Kylmanen, Peter Hiltunen, John Hiltunen, Andrew Kylmanen, Eti Sandsted and Matti Maki were elected as such successors; that said John Kylmanen was elected president, said Andrew Kylmanen was elected secretary, and said Eti Sandsted was elected treasurer of said company; that said meeting of July 30, 1928, was unauthorized by the Articles of Incorporation of said company, and said purported election of said respondents as directors and officers was contrary to law and void.

"9. That at another so-called semi-annual meeting of the stockholders of said corporation, held July 31, 1928, the relators John Perry, John Koski and Emil Kari were elected as directors of said corporation, but said meeting and said election was void for the reasons stated in paragraph 8 for voiding the meeting and election of July 30, 1928. * * *

"11. That since the meeting of May 22, 1928, two groups of so-called directors have been claiming to be and pretending to act as the legal board of directors of said company.

"12. That the respondents herein have been since May 23, 1928, in actual possession and control of all the assets of the corporation aforesaid, except the minute book thereof and a key to a cash register used in said business.

"13. That the respondents above named, except John Kylmanen, and said Otto Hiltunen, have at all times since July 31, 1928, wrongfully and unlawfully claimed to be the legally elected and qualified board of directors of said company, and respondents Andrew Kylmanen and Eti Sandsted have likewise, since July 31, 1928, wrongfully and unlawfully claimed to be respectively, the secretary and the treasurer of said corporation, and each of said directors, secretary and treasurer have intruded into said various offices and ousted and excluded the relators herein from said offices of directors, the said relator John Heikkenen from said office of secretary and the said relator Jacob Kaukonen from said office of treasurer, and have attempted to and do purport to perform the functions of said offices, respectively, to all of which said relators are justly entitled as hereinabove set forth."

As conclusions of law the court found:

"That relators are entitled to judgment herein against the respondents Peter Hiltunen, John Hiltunen, Andrew Kylmanen, Eti Sandsted and Matti Maki; that said respondents have each usurped the office of director of said Finnish Supply Company, that said respondent Andrew Kylmanen has usurped the office of secretary of said company, that said respondent Eti Sandsted has usurped the office of treasurer of said company, and that they and each of them be excluded from all privileges, rights and franchises connected with said offices, respectively, and ousted therefrom, and that the relators Emil Kari, Jacob Kaukonen and John Heikkenen be inducted each into said office of directors of said company, the relator John Heikkenen be inducted into said office of secretary of said company, the relator Jacob Kaukonen be inducted into said

office of treasurer of said company, each with all the privileges, rights and emoluments connected with said offices, respectively, and with costs and disbursements against each of said respondents."

The by-law provisions as to semi-annual elections of directors and for substitute directors were clearly in conflict with the articles of incorporation and ineffective. We hold that the findings of the trial court are amply supported by the evidence and that the conclusions of law are correct.

An attempt was made to amend the answer, after the reply thereto had been served, to show that on December 6, 1928, the stockholders had taken steps to amend the articles of incorporation so as to bring the company under L. 1923, p. 467, c. 326. The court exercised its proper discretion and did not permit the amendment. At this same meeting a vote was taken upon the question of ratifying, confirming and approving or rejecting the action of the special stockholders' meeting held on May 22, 1928, removing five of the plaintiffs as officers and directors of the company. The vote in favor of ratification carried. It did not affect the situation.

L. 1919, p. 401, c. 382, § 6, provided that a quorum of the stockholders of the corporation should have the power at any regular or special stockholders' meeting, regularly called, to remove any director or officer for cause, and fill the vacancy. L. 1923, p. 467, c. 326, § 6, contained in effect the same provision. The 1913 law, under which the company was organized, contained no such authority. Such an association, organized prior to 1919, continued under the laws under which it was organized until it elected to come under the new provision. The company had not, prior to the institution of this action, elected to come under the new law. If the stockholders of co-operative associations (organized prior to 1919) had power to remove officers and directors for cause, there was no necessity for passing the 1919 and 1923 laws referred to. The court rightly excluded the evidence offered to prove the attempt of the company, in December, 1928, to come under the changed law.

The following amendment to the by-laws was adopted at the annual meeting January 29, 1928:

"The highest authority in all matters concerning the association is invested in the membership meetings of the association, and the board of directors shall obey and carry out the decisions of the membership meetings of the association."

This gave no authority for the removals attempted on May 22. The call for that meeting in part stated:

"The meeting will discuss and make decision regarding the actions of the Board of Directors in discharging the present manager without cause, and generally review the actions of the present Board, and, if cause be found to exist, declare the present Directors removed from their office and elect new directors in their place."

The proposed action was unauthorized. Even if the stockholders had been empowered to remove the directors for cause, the record fails to show a proper exercise of such power. Something more than votes enough to carry a motion for removal is necessary. If the power existed, orderly and proper administration of the affairs of the company required much more than was done at the May 22 meeting. The court was justified in holding that the action was arbitrary, without cause, contrary to law and void.

Irrespective of whether the meeting of May 22 was "disorderly and uproarious," as claimed by plaintiffs, or reasonably conducted, as asserted by defendants, neither the provisions of the articles of incorporation, the by-laws, nor the statutes authorized a removal of plaintiffs from their positions in the manner attempted. The unfortunate internal dissension, at least in part, arose from the fact that the directors removed one Matt Niemi from his position as manager on the ground that he had failed to conduct the business in the manner ordered by these directors. A bitter factional strife arose, which perhaps was in part intensified by certain pre-existing conditions. Party spirit ran high. The fact that the majority were supporters of defendants avails them not, nor does the circumstance that (after a protest was made by certain of the plain-

tiffs and others at the May 22 meeting) the plaintiffs voted at the December meeting make any difference.

Co-operative associations are formed for most legitimate and worthy purposes, which fortunately are as a rule attained. The differences between contending factions in such associations should be composed whenever possible. We commend to the attention of the stockholders the comment of the trial court in its memorandum, in which, referring to the five directors that he holds are in control of the association, he says:

"They ought to have had enough experience at litigation now to realize that if they do not work together in harmony from now on, they will destroy the company. If there be any considerations moving any director or stockholder, other than the business success of the company, such a director or stockholder ought to be ousted by those who have sense enough to realize that if the company does not succeed in business it will soon be out of business and the stockholders will stand to lose all they have invested in it. Such result will not in any way help the co-operative movement anywhere."

There are 30 assignments of error, many of which refer to the same propositions. We have not overlooked any of them; there are no reversible errors, and the order appealed from was properly made.

Order affirmed.

DIBELL, J. took no part.

### AFTER REARGUMENT.

On September 13, 1929, the following opinion was filed:

PER CURIAM.

A reargument was granted the appellant John Kylmanen upon the question of his right to costs and disbursements against the relators.

The court found that the relators were entitled to judgment of ouster against all of the respondents below, except Kylmanen, and directed that they have costs and disbursements against the un-

successful respondents. Nothing was said about Kylmanen. It would have been proper to direct that the judgment be that the relators take nothing against him; and it would have been common and approved practice to direct that he recover his costs and disbursements. In his motion to amend the conclusions of law he did not ask an amendment directing judgment in his favor but asked that there be an amendment giving costs in his favor against the relators. The motion was denied, and its denial was assigned as error. No discussion of the error claimed was had in the opinion. It is now for consideration.

The findings cannot be construed as other than in favor of Kylmanen. The relators brought him into the quo warranto proceeding, they sought to oust him of his office, they failed and he prevailed, and his right to his office was found and will be adjudicated in his favor by the judgment to be entered.

The statute provides that when an action or proceeding is instituted in the name of the state the relator shall be entitled to costs and disbursements, and liable therefor, the same as if the action or proceeding were instituted in his name. G. S. 1923 (2 Mason, 1927) § 9483. And see State ex rel. Security Tr. Co. v. Probate Court, 67 Minn. 51, 69 N. W. 609, 908; State ex rel. Simpson v. Village of Dover, 113 Minn. 452, 130 N. W. 74, 539; 2 Dunnell, Minn. Dig. (2 ed.) § 2211. Kylmanen was entitled to his costs and disbursements against the relators. It is not necessary to refer to §§ 9471 and 9473 referring to costs and disbursements in actions brought in the district court, nor to § 9475 permitting the withholding of costs in equitable actions. It may be noted that quo warranto is legal rather than equitable; and in any event it is within § 9483.

Costs and disbursements, when given as here by statute, are an incident to a recovery or a successful defense. Special directions in the conclusions of law are not necessary. McRoberts v. McArthur, 66 Minn. 74, 68 N. W. 770.

The effect of the order of the court denying an amendment "so as to give costs against the relators in favor of the respondent John

Kylmanen" was not to deny costs. By denying the proposed amendment it was not held that he was not entitled thereto. It was the view of the trial court that the statute gave Kylmanen costs and disbursements; that they followed as an incident to his successful defense; and that the prevailing party in quo warranto was entitled to them as a matter of statutory right without the direction of the court. And in this it was correct.

It is not of consequence that Kylmanen favored his corespondents at the trial. Doing so did not take away his right to his own costs and disbursements. These of course are all that he can recover. He cannot recover costs and disbursements incurred by his corespondents.

The order denying a new trial stands affirmed.