## STATE EX REL. JOHN HEIKKENEN AND OTHERS v. JOHN KYLMANEN AND OTHERS.[1]

May 29, 1930.

No. 27,958.

*M. E. Louisell, John R. Heino* and *Leonard, Street & Deinard,* for appellants (respondents below).

*Jenswold, Jenswold & Dahle* and *Toivonen & Harri,* for respondents (relators below).

OLSEN, C.

Action by quo warranto to test the right of the respondents in the writ to hold office as the directors and officers of the Finnish

[1] Reported in 231 N. W. 197.

Supply Company, a co-operative association incorporated under the laws of this state. Seven of the relators claim to be the duly elected directors and officers of the corporation and claim that the respondents have no right or title to the offices of directors in the corporation. For brevity these seven relators will be referred to as plaintiffs and the respondents as defendants.

The question presented is as to which of the two groups were elected directors of the corporation at the annual stockholders' meeting in January, 1929. The board of directors consists of seven members, elected annually. Five directors constitute a quorum for the transaction of business. The articles of incorporation provide that no one shall become a shareholder in the corporation except by the consent of, and acceptance by, the board of directors. Each shareholder is entitled to one vote at stockholders' meetings. The corporation is engaged in the business of operating a store on a co-operative plan.

In 1928 dissension arose among the directors and stockholders. The members divided into two factions, which may be referred to as plaintiffs' faction and defendants' faction. A special meeting of the stockholders was held in May, 1928, at which an attempt was made to remove five members of the board of directors and elect five new members in their place. Action was brought by the five directors so attempted to be removed and resulted in a decision holding the action of the May, 1928, meeting illegal and of no effect. The case came to this court and is reported in State ex rel. Koski v. Kylmanen, 178 Minn. 164, 226 N. W. 401, 709, where the facts are more fully stated. By that decision, affirmed here, the five new directors attempted to be elected at the May meeting were declared not to have any right or title to the office of directors or to hold such office. Three of the five directors attempted to be removed were held to be legal directors of the corporation and were reinstated as such. Two of them were held to be ineligible to hold the office of directors because they were part owners in a competing business in violation of a by-law of the corporation, and were not reinstated. By reason of the appeal and stay of proceedings judgment in that

action was not entered until in September, 1929. In the meantime there were two boards of directors attempting to act. The two directors not removed by the May meeting, one of whom was the president of the corporation, acting with the five attempted to be elected at that meeting and with the business manager of the store, took and held possession of the store and held meetings and transacted business. They gave no notice of their meetings to the three legal directors attempted to be removed by the May meeting and refused to permit them to meet at or take any part in the operation of the store. This board represented defendants' faction. The five directors attempted to be removed at the May meeting held meetings, of which notice was given to the two legal directors of the other faction. These five claimed to represent the corporation as directors and transacted some business as such. One of their members was the legal treasurer of the corporation and one the secretary. This board represented plaintiffs' faction. Each faction sought new members for the corporation. Defendants' faction obtained 24 applications. The applicants paid to the store manager the price of shares applied for. The money was not paid over to the legal treasurer of the corporation. The board of directors representing defendants' faction, constituted as stated, purported to accept these applications. Plaintiffs' faction obtained 23 applications for membership. The price of the shares applied for was paid to the legal treasurer of the corporation. The board of directors representing plaintiffs' faction, constituted as stated, at a meeting July 20, 1928, notice of which had been given to the two other legal directors, accepted the 23 applications for membership. Matters stood in this situation up to the annual stockholders' meeting in January, 1929, at which meeting a new board of directors was to be elected. The votes of the 24 applicants for membership secured by defendants' faction and the votes of 22 applicants secured by plaintiffs' faction were received under proper protest at that meeting. If both of these groups of voters were entitled to vote, or if neither group was entitled to vote, then in either such case defendants were elected as directors.

The trial court held that the 24 applications for membership secured by defendants' faction had not been accepted by the directors of the corporation; that the meetings of the directors representing defendants' faction, at which these applications purported to be accepted, were not legal meetings because no notice thereof had been given to three legal directors then in office, and that the action of such meetings was invalid and of no effect. It therefore rejected the 24 votes. The court further held that the votes of the 22 applicants secured by plaintiffs' faction were valid votes; that these applicants had been properly accepted as shareholders in the corporation by the directors. This resulted in a finding that plaintiffs were duly elected as directors of the corporation at the annual meeting in January, 1929.

It is the general rule that it is essential to the legality of a directors' meeting, and the validity of any action taken at such meeting, either that all of the directors have notice of the meeting or that all be present. 14a C. J. p. 87, § 1846. The rule is recognized in this state. 2 Dunnell, Minn. Dig. (2 ed.) § 2109. The finding of the trial court that these 24 applicants for membership had not been accepted by the directors of the corporation is sustained by this rule.

The question whether the court was justified in finding that the 22 applicants for membership secured by plaintiffs' faction had been properly accepted by the board of directors of the corporation and were entitled to vote presents some difficulty. The court held, as indicated in its memorandum, that the two disqualified directors, acting with the three legal directors of plaintiffs' faction, were at the time de facto directors of the corporation. These two directors, though disqualified to hold the office, had been regularly elected as directors and, at least from January, 1928, up to the May, 1928, meeting, had acted as directors without question as to their qualifications. These two directors did not surrender their offices or step out or acquiesce in the action of the May meeting purporting to discharge them from office. They joined with the three legal directors of their faction in promptly bringing suit to have the action of the

May meeting set aside and to oust the five new directors purported to have been elected at that meeting. They joined with the three legal directors in holding directors' meetings during the summer of 1928, at which meetings some matters of corporate business were transacted and of which meetings notice was given to the two legal directors belonging to the other faction. They claimed to be and acted as directors, with their three associates, up to about the time judgment was entered in September, 1929, holding them ineligible. They and their three associates were denied possession or control of the store and threatened with violence if they should attempt to hold meetings therein or take charge thereof.

Upon the record presented, we conclude that it was a question of fact for the trial court to say whether these two disqualified directors were de facto directors at the time applications for membership in the corporation were acted upon by them and their three associates and accepted by unanimous vote of the five on July 20, 1928. The meeting of the three members of this board on January 3, 1929, had no effect.

The general rule is that a person is a director de facto where he is in possession of the office and exercising the duties thereof under color or appearance of right. A de facto officer of a private corporation is one in possession of and exercising the powers of the office under claim and color of an election or appointment. One may be a de facto officer though he is ineligible to hold the office. 14a C. J. p. 80, § 1840; 7 R. C. L. p. 434, § 423. Whether these two claimed de facto directors were in possession and exercising the powers of their offices, and claiming to hold such offices under color of an election, were questions of fact for the trial court. The evidence was not such as to make it a question of law for us to decide.

Defendants invoke the general rule that the acts of de facto officers are valid as to third persons only and are not binding in actions between such officers and the corporation. But these applicants for membership were "third persons" until and unless their applications were accepted. The corporation is not a party to this suit. There is some authority for holding that the acts of de facto officers

are binding also as between the corporation and its stockholders or members. 7 R. C. L. p. 436, § 424; Ohio & M. R. Co. v. McPherson, 35 Mo. 13, 86 Am. D. 128. No proceeding had been brought by the corporation to oust these two directors.

In the writ herein it is stated that the corporation had, during the time in question, only five directors, and that there were two vacancies in the offices of directors. In the reply which appears to have been interposed to the defendants' answer it is admitted that on or about May 22, 1928, John Koski and Nestor Norgard (being the two persons found by the court to be de facto directors) were duly removed from the offices held by them as directors by reason of their owning stock in a competitive business contrary to the provisions of the by-laws. There is no finding by the court as to any consideration of these statements in the pleadings, and nothing said about any error in that respect in the motion for a new trial or in the assignments of error. No finding thereon has been requested. We need not consider it.

Assignments of error in rulings on evidence and denial of the court to amend findings of fact and conclusions of law have been considered. We find no reversible errors.

Order affirmed.