STATE EX REL. HENRY N. BENSON AND OTHERS v. JOHN KYLMANEN AND OTHERS.[1]

September 26, 1930.

No. 28,186.

*Henry N. Benson,* Attorney General, *Jenswold, Jenswold & Dahle* and *Toivonen & Harri,* for relators.

*M. E. Louisell,* for respondents.

OLSEN, C.

Quo warranto proceeding in this court on the relation of the attorney general to oust the respondents from claiming and exercising the powers and duties of directors and officers of the Finnish Supply Company, a co-operative corporation organized under the laws of this state. Joining with the attorney general are seven persons who claim to be the lawful directors of the corporation. The case comes here on motion of the relators for judgment on the pleadings, consisting of the writ and answer, and on motion of the respondents for dismissal of the action on these pleadings. The case is a sequel to the litigation before this court in the cases of State ex rel. Koski v. Kylmanen, 178 Minn. 164, 226 N. W. 401, 709, and State ex rel. Heikkenen v. Kylmanen, 180 Minn. 486, 231 N. W. 197. The facts leading up to the present action are recited in the two cases cited and need not here be repeated.

[1] Reported in 232 N. W. 262.

In the instant case the claim of respondents is that they were duly elected as directors and officers of the corporation at an annual meeting of the stockholders thereof in January, 1930. The stockholders of the corporation have been, since early in 1928, and are now, divided into two factions, one faction favoring the relators, who join with the attorney general in this proceeding and are herein referred to as the relators, and the other faction favoring the respondents here and who have favored the respondents in the two prior cases. In each of the prior cases, by reason of the motions made, appeal, stay of proceedings, and time required for obtaining a final determination of the suit by this court, it resulted that final judgment could not be entered until after the time for the next annual stockholders' meeting, at which new directors and officers were to be elected. Each faction claimed to have elected, or to have by their holding over, a board of directors and officers of the corporation.

By the first decision above noted, affirming the decision of the trial court, five of the respondents therein were found not to be directors of the corporation and were ousted from office as such. They continued to act however to some extent as directors of the corporation, pending that litigation, until the annual stockholders' meeting in January, 1929. At that meeting each faction claimed to have elected a full board of directors. The directors claimed by respondents' faction to have been elected appear to have taken charge and control of the business of the corporation.

The second action was then brought to oust the directors and officers claimed by respondents' faction to have been elected at said meeting. The trial court held them not elected, and held the directors claimed to have been elected by relators' faction (who are the relators herein) to have been elected, and ordered the directors supported by respondents' faction ousted. The trial court's decision was here affirmed. In the meantime the directors so ousted continued to act as such pending the litigation and up to the time fixed for the annual stockholders' meeting in January, 1930.

The by-laws of the corporation provide that the directors shall fix the place for and give notice, by posting, of the annual stockholders'

meeting. The articles of incorporation fix the time of the annual meeting for the second Monday of January of each year but do not specify the place or hour of meeting. The alleged directors of respondents' faction gave posted notice of an annual stockholders' meeting to be held at the town hall of the town where the corporation is located on the second Monday in January, 1930, specifying the hour of meeting. Relators and their faction did not attend the meeting. The members of respondents' faction attended and purported to elect the present respondents as directors and officers of the corporation. The present action seeks to oust these respondents and restrain them from claiming to be or acting as directors and officers of the corporation, on the ground that the annual stockholders' meeting so called was not a valid stockholders' meeting because not called, or notice thereof given, by any lawful board of directors or officers of the corporation.

The general rule is stated in 14 C. J. 890, that "notice of the corporate meeting must be issued by one having authority to issue it, but the authority to give notice is incidental to the authority to call the meeting." As to calling the meeting, it is said (14 C. J. 887): "The call for a special or called meeting of the stockholders must be made by the authority, if any, designated by the governing law of the corporation."

To hold that the annual meeting of the stockholders of respondents' faction in January, 1930, was not a lawful meeting, because not called or notice thereof given by anyone having authority to so do, may seem technical, but there is a broader, basic question presented by the situation here shown. The litigation is a long drawn out dispute between two factions of the stockholders. The material facts are not now in dispute. At the time this meeting was called, the persons calling it were parties to the suit challenging their right to act for or represent this corporation in any manner as directors or officers. The district court had already filed its decision holding them not elected as directors or officers and directing their ouster. These facts presumably were known also to the stockholders of the corporation. To hold now that they acted

lawfully would, so far as appears, permit them and their faction to hold in form an election every year and enable them to continue indefinitely to frustrate any decision made by the district court or this court. Two decisions of the district court have attempted to oust the respondents' faction and directors from control. This court has affirmed the district court on each occasion. By stays, motions and appeals, final judgment was delayed in each instance until after the time of another annual stockholders' meeting. By such means the one faction has been able to continue for more than two years to control the corporation, although consistently held by the two courts not to be entitled thereto. We place no blame for the resulting situation upon respondents' counsel, who have faithfully and with all reasonable diligence endeavored to further their clients' cause, but we do say that the litigation should end. In the situation here shown, we do not believe respondents can be held to have acted as de facto directors or be sustained on that theory.

Upon the undisputed facts, as set forth in the writ and answer, it is held that the respondents are not the lawful directors and officers of this corporation, and it is ordered that they be ousted and excluded from claiming to be or acting as directors and officers of said corporation and be ordered forthwith to deliver and turn over to the relators the books, property, and effects of the corporation and the control and management thereof. The relators, as the board of directors of the corporation, should and are directed to fix the hour and place, and give due notice of the annual meeting of the stockholders to be held on the second Monday of January, 1931. Before that time, the relators, as the board of the directors of the corporation, should and are directed to meet and to admit, as members of the corporation and entitled to vote at said meeting, all qualified persons who have made application for membership since May 22, 1928, and paid in their membership fees, whether their applications were made to the legal board of directors or to the usurping board, and whether their membership fees were paid to the legal treasurer of the corporation or the acting manager thereof or to the one assuming to act as treasurer. The persons so admitted to membership and present at said meeting in person or by proxy, together with

those persons who have remained stockholders since prior to May 22, 1928, and present at said meeting in person or by proxy, shall then elect directors and officers of the corporation for the ensuing year as provided by the articles and by-laws.

Respondents' motion to dismiss the action is denied.

Let judgment be entered in the court in accordance with the foregoing opinion.