## LOUISE L. MALCOLMSON AND ANOTHER v. GOODHUE COUNTY NATIONAL BANK OF RED WING.[1]

July 30, 1937.

No. 31,375.

*S. W. Jensch* and *Grannis & Grannis,* for appellants.
*Thomas Mohn* and *Horace W. Mohn,* for respondent.

[1]Reported in 274 N. W. 652.

PETERSON, JUSTICE.

This court filed a decision in a former appeal in this matter affirming in part an order of the lower court approving the trustee's final account but reversing and remanding for a new trial the question of the circumstances of the purchase of the O'Donnell and Hancock bonds. Malcolmson v. Goodhue County Nat. Bank, 198 Minn. 562, 272 N. W. 157. The trustee failed to produce vouchers showing the source and time of purchase of the O'Donnell and Hancock bonds, and on motion by the beneficiaries for an amendment to the directions in the opinion and decision filed on December 31, 1936, this court amended its opinion and issued a mandate directing the court below to amend its conclusions of law in accordance with the opinion and to increase the surcharge against the trustee in the principal amount of $7,500, the sum represented by the O'Donnell and Hancock bonds. No mention was made of interest in the proceedings in this court, although the amount of the interest was approximately $6,020. Malcolmson v. Goodhue County Nat. Bank, 198 Minn. 562, 570, 272 N. W. 157, 161-162. The beneficiaries then moved the court below for an order amending its decision so as to surcharge the trustee with $7,500 and interest thereon and certain alleged expenses. The court below amended its former order by increasing the surcharge in the amount of $7,500 only, denying the beneficiaries' motion in other respects. The beneficiaries appeal from the order, claiming that in refusing to allow the interest and in allowing the expenses the court below did not follow the mandate of this court. Nothing was said in the opinion accompanying the mandate relative to allowing interest upon the amount of the surcharge, but it was held that no allowance to the trustee for expenditures in connection with the O'Donnell and Hancock bonds was proper.

Upon remittitur, it is the duty of the court below to execute the mandate of this court according to its terms, without alteration, modification, or change in any respect. Piper v. Sawyer, 78 Minn. 221, 80 N. W. 970; Minnesota L. & I. Co. v. Munch, 118 Minn. 340, 343-344, 136 N. W. 1026; Orcutt v. Trustees of Wesley M. E. Church, 174 Minn. 153, 218 N. W. 550; County of Traverse v.

Veigel, 179 Minn. 589, 229 N. W. 882; 3 Am. Jur. pp. 732-733, §§ 1236, 1237; 5 C. J. S. p. 1512, *et seq.*, §§ 1966, 1967, 1973. Where the judgment of the lower court is reversed and remanded with specific directions, "the court below has no discretion in the premises, but must pursue the mandate of the appellate court." Piper v. Sawyer, 78 Minn. 221, 223, 80 N. W. 970. The addition of interest without authorization in the mandate is an enlargement of the relief granted by this court and to that extent a modification of the judgment directed in the mandate. Where a mandate orders judgment but is silent as to interest, the lower court is without authority to enter judgment with interest. In re Washington & Georgetown R. Co. 140 U. S. 91, 11 S. Ct. 673, 35 L. ed. 339; Green v. C. S. & C. R. Co. (C. C. A.) 49 F. 907; Scullin v. Wabash R. Co. 192 Mo. 6, 90 S. W. 1028; State ex rel. W. C. Bullard & Co. v. Norris, 61 Neb. 461, 85 N. W. 435; Roth v. Boies, 146 Iowa, 170, 124 N. W. 879; Lombard v. Gregory, 88 Iowa, 431, 55 N. W. 471; Carpenter v. Lewis, 65 S. C. 400, 43 S. E. 881.

It is claimed that the court below had power to surcharge the account with interest because the surcharge ordered by this court carried interest with it as a part of and incident to the amount allowed. Interest does not accompany the surcharge. Where in a proper case the trustee is chargeable with interest the interest would be included in and covered by the amount surcharged. Ordinarily, when a trustee is held liable for interest, the interest is awarded upon equitable principles as compensation for damages to the *cestui* "to make him whole, to place him in the position he would have been in if the trustee had performed his duty." 4 Bogert, Trusts & Trustees, p. 2503, § 863. What is called interest is really damages, computed in terms of interest. Mason v. Callender, Flint & Co. 2 Minn. 302 (350), 72 Am. D. 102.

The record does not reveal any agreement by the trustee to pay interest on the funds in its hands. Although permissible, such an agreement is generally foreign to the trustee's undertaking. A trustee is not liable for interest merely because he holds money or securities for the beneficiary. Whether interest will be allowed when the trustee's account is surcharged and at what rate is within

the discretion of the court and must depend upon the facts and circumstances in each particular case. 4 Bogert, Trusts & Trustees, p. 2503, § 863; 65 C. J. p. 824, § 707; 1 Perry, Trusts & Trustees (7 ed.) p. 794, § 468; Rapalje v. Norsworthy's Excrs. 1 Sandf. Ch. (N. Y.) 399; Price v. Holman, 135 N. Y. 124, 32 N. E. 124; Beard v. Beard, 140 N. Y. 260, 35 N. E. 488; Title Ins. & Trust Co. v. Ingersoll, 158 Cal. 474, 489, 111 P. 360; Stanley's Estate v. Pence, 160 Ind. 636, 66 N. E. 51, 67 N. E. 441; Huguenin v. Adams, 110 S. C. 407, 96 S. E. 918; Reid v. Reid, 237 Pa. 176, 85 A. 85; Feighan v. Reeves, 61 Wash. 465, 112 P. 627; Rodick v. Pineo, 120 Me. 160, 113 A. 45; Johnson v. Eicke, 12 N. J. L. 316. In In re Shotwell, 49 Minn. 170, 180, 51 N. W. 909, 911, 52 N. W. 1078, we said: "But a trustee is not to pay interest solely because he has deposited the trust funds with his own, or even because he makes use of them in his business, unless there be superadded some breach of trust." We do not hold that the court might not have determined in the first instance that interest should be allowed. But, having held that only $7,500 principal amount is to be surcharged, we determined that that is all the beneficiaries are entitled to recover. This excludes interest as additional damages.

The court below found that in the purchase of the O'Donnell and Hancock bonds the trustee had acted in good faith. On the Hancock investment $1,499.66 was received and turned over to the beneficiaries. The surcharge of $7,500 allows the beneficiaries to repudiate the purchase of the bonds and receive the amount originally expended for them. In their motion to amend the first decision the beneficiaries did not ask for a surcharge of interest but only for a surcharge of $7,500. The decision of this court followed the prayer for relief. The allowance of interest by the court below on the surcharge ordered would have involved the exercise of discretion which that court did not possess in pursuing the mandate of this court.

The trustee was allowed $278.20 expenditures in connection with the O'Donnell and Hancock bonds. The opinion directed that there be no allowance for these expenses, and the mandate ordered the court below to modify its conclusions of law in accordance with

the views expressed in the opinion. Therefore these expenses should have been disallowed, and it was error not to do so. There must be a reversal to that part of the order allowing the trustee expenses in connection with the O'Donnell and Hancock bonds.

Affirmed as to denial of interest on the $7,500 principal amount surcharged, and reversed as to allowance of $278.20 expenses in connection with the O'Donnell and Hancock bonds.